Gregory C. Wells, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Ronald L. Jurgeson, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

### ORDER

**S.L.J., Respondent,**

v.

**R.J., Appellant.**

No. 56883.

Missouri Court of Appeals, Eastern District, Division Five.

Jan. 30, 1990.

R.J., St. Louis, pro se.

Elaine Carlton Bachman, Clayton, for respondent.

DOWD, Judge.

Appellant challenges the portions of a trial court order failing to award interest on a restitution award and improperly calculating an award to respondent for past due child support.

On July 3, 1986, the circuit court of St. Louis County entered an order for pendente lite child support and maintenance pursuant to a dissolution action then pending by respondent against appellant. Appellant's father paid the amounts due on behalf of appellant and appellant wrote an interest free note to his father to cover the amounts. Appellant appealed the pendente lite order to this court, which reversed the order due to errors in filing the master's report and remanded for further proceedings. *R.J. v. S.L.J.*, 732 S.W.2d 574 (Mo. App.1987). The record does not indicate what further action was taken on the mat-

ter. On August 25, 1987, the circuit court entered its decree of dissolution and ordered appellant to pay respondent $440 per month in child support. Appellant failed to pay these amounts. Respondent later filed an action seeking to recover the past due child support and appellant filed a motion for restitution in that action. He sought repayment of the $10,300 paid as pendente lite child support and maintenance and interest of twelve percent per annum. The court ordered that appellant was entitled to restitution of the $10,300, but denied him interest on the grounds that no interest was due on the loan from appellant's father. The court also ordered appellant to pay the past due child support and awarded interest of twelve percent per annum on that amount for a total of $10,327.50. The court set off the two amounts and ordered appellant to pay the difference of $27.50.

■ Appellant now raises three points of error with this judgment. The first two points claim the court erred in not awarding interest on the restitution of pendente lite support because (1) respondent is not entitled to benefit from the fact that appellant received a no-interest loan and (2) appellant was due interest under section 454.-520, RSMo 1986. We agree with appellant's overall contention that he is entitled to some interest; but not for the reason he expresses nor at the rate he requests.

The normal legal rate of interest, absent a contract to the contrary, is nine percent per annum. § 408.020, RSMo 1986. The statute on which appellant bases his claim, section 454.520, RSMo 1986, is entitled "Delinquent Child Support and Maintenance, Interest On." It provides for interest at a rate of one percent per month on delinquent support judgments entered after September 1, 1982. By its clear terms the statute applies only to delinquent support and it contains no language indicating that the same interest rate should apply to a repayment of support pursuant to a reversal of the support award.

Section 408.040, however, does provide that "interest shall be allowed on all money due upon any judgment or order of any court from the day of rendering the same until satisfaction be made" at the rate of nine percent per annum. When an award of pendente lite support is reversed and a petition for restitution granted, the petitioner is entitled to interest at this rate. *In re Marriage of Cook*, 663 S.W.2d 789, 790 (Mo.App.1984). In the case at bar, appellant was not entitled to one percent per month interest under section 454.520, but was entitled to nine percent interest per annum under section 408.040.

Appellant's final point claims that the trial court erred in calculating the amount of delinquent support and interest due to respondent. He argues that the $10,327.50 amount should be changed to $10,215.92. Wife agrees to this change.

We therefore reverse the challenged portions of the trial court's judgement and remand with instructions to alter the amount due to respondent as agreed upon and to enter an award of interest to appellant at the rate of nine percent per annum.

SIMON, C.J. and JOSEPH J. SIMEONE, Senior Judge, concur.