James A. FINNEGAN, Appellant,

v.

OLD REPUBLIC TITLE CO. OF ST. LOUIS, INC., Respondent.

Lisa L. Rokusek and Jennifer Human, Appellants,

v.

Security Title Insurance Company and Security Title Insurance Agency, Respondents.

Lisa L. Rokusek and Jennifer Human, Appellants,

v.

Commonwealth Land Title Insurance Company, Respondent.

Nos. SC 88761, SC 88762, SC 88763.

Supreme Court of Missouri, En Banc.

March 18, 2008.

Fernando Bermudez, Clayton, for Appellee.

Christopher O. Bauman, Robert D. Blitz, Clayton, for Respondent.

MARY R. RUSSELL, Judge.

These cases present the issue of whether section 486.350, RSMo Supp.2007,[1] re-

1. All references to section 486.350 are to  RSMo Supp.2007.

quires a notary public to both notarize a signature and record that act in a notary journal before charging a $2 fee.

Plaintiffs[2] appeal after judgment was entered against them on their claims against three title companies[3] (collectively "Defendants") for alleged overcharges of notary public fees under section 486.350. This Court has jurisdiction pursuant to Mo. CONST. art. V sec. 10, as these cases were transferred after dispositions by the court of appeals. This Court reverses, and the causes are remanded.

## A. Background

Section 486.350 sets the maximum fees that can be charged by notaries public. In relevant part, it states:

> 1. The maximum fee in this state **for notarization of each signature *and* the proper recording thereof in the journal of notarial acts** is two dollars for each signature notarized.
>
> . . . .
>
> 3. The maximum fee in this state is one dollar for any other notarial act performed.
>
> . . . .

5. A notary public who charges more than the maximum fee specified . . . is guilty of official misconduct.

. . . .

Sec. 486.350 (emphasis added).

Plaintiffs allege that Defendants, through their notary employees, violated section 486.350.1.[4] They contend that they were overcharged for notary services provided in connection with real estate closings because the notaries did not record in their notary journals the notarizations for which Plaintiffs were charged.[5] Plaintiffs' real estate transactions were unaffected by the notaries' failures to record the notarizations in their notary journals, but Plaintiffs contend that they are entitled to return of the monies they were improperly charged for the unrecorded notarizations. They argue that the violations of section 486.350 resulted in unjust enrichment for the title companies. They also allege that the overcharges were violations of the Missouri merchandising practices act (MMPA) because they were a "deception" and "unfair practice."

2. Plaintiffs in these three consolidated cases include James A. Finnegan, Lisa L. Rokusek, and Jennifer Human. They are collectively referred to as "Plaintiffs" throughout this opinion.

3. The defendant title companies were sued in the three separate cases now consolidated in this opinion. Defendants include: Old Republic Title Company of St. Louis, Inc.; Security Title Insurance Company, now known as Security Title Insurance Agency; and Commonwealth Land Title Insurance Company.

4. Section 486.360, RSMo 2000, provides:
   The employer of a notary public is also liable to the persons involved for all damages proximately caused by the notary's official misconduct, if:
   (1) The notary public was acting within the scope of his employment at the time he engaged in the official misconduct; and

(2) The employer consented to the notary public's official misconduct.
   Defendants argue that they cannot be liable for their notaries' conduct under this statute because (1) there was no "official misconduct" and (2) even if there was misconduct, they did not consent to it. This is a factual dispute that is left for the trial courts on remand.

5. Plaintiff Finnegan alleges that defendant Old Republic wrongly charged him $10 for five signatures that were notarized, but not recorded in the notary's journal. Plaintiffs Rokusek and Human allege that Security Title wrongly charged them $12 for 10 signatures that were notarized, but not recorded in the notary's journal; and they contend that Commonwealth overcharged them $12 for notarizing six signatures that were notarized, but not recorded in the notary's journal.

Defendants moved for summary judgment on Plaintiffs' claims, and judgments were entered in their favor.[6] Plaintiffs appeal.

## B. Standard of Review

■ Appellate review of summary judgment is *de novo*. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is appropriate where the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law. *Id.*

## C. Requirements of Section 486.350

Plaintiffs maintain that the trial courts' judgments were in error because, under the plain language of section 486.350.1, the title companies' notaries were not entitled to collect a $2 fee unless they (1) notarized a signature and (2) properly recorded the notarial act in their notary journal.

■ Statutory interpretation is an issue of law that this Court reviews *de novo*. *State ex rel. Wolfrum v. Wiesman*, 225 S.W.3d 409, 411 (Mo. banc 2007). The primary rule of statutory interpretation is to ascertain the intent of the General Assembly from the language used and to give effect to that intent. *Cmty. Fed. Sav. & Loan Ass'n v. Dir. of Revenue*, 752 S.W.2d 794, 798 (Mo. banc 1988). In determining legislative intent, this Court considers the language of the statute and words employed in their plain and ordinary meaning. *Id.*

■ Section 486.350.1 provides: "The maximum fee in this state for notarization of each signature and the proper recording thereof in the journal of notarial acts is two dollars for each signature notarized." This subsection's use of the word "and" indicates a legislative intent that recording of a notarial act be an additional requirement to a $2 charge under the statute.[7] As such, the failure of the notaries to record their notarizations of Plaintiffs' signatures before charging them was a violation of the plain language of section 486.350.1.

The trial courts' judgments in favor of Defendants were reliant on finding that there were no violations of section 486.350 and, therefore, the judgments are reversed.

## D. Unjust Enrichment and MMPA Claims

Plaintiffs also argue that the trial court erred in entering judgment against them on their unjust enrichment and MMPA claims.[8] The trial courts' dispositions of these claims were predicated on their erroneous conclusions about the requirements of section 486.350.1. Because the trial courts rejected these claims after finding that the notaries had properly collected fees from Plaintiffs, these judgments are reversed.

---

**6.** Commonwealth moved to dismiss the claim against it relating to the MMPA. The motion to dismiss was granted, such that summary judgment in Commonwealth's favor related only to the section 486.350 and unjust enrichment claims against it.

**7.** Plaintiffs point out that this interpretation is consistent with the statements made in the

"Document Certification Services" handbook provided to notaries by the Missouri Secretary of State's office. Plaintiffs concede, however, that this handbook information was not provided to the trial court.

**8.** Plaintiffs Rokusek and Human argue that the trial court erred in dismissing their MMPA claim against Commonwealth.

### E.  Conclusion

The trial courts' judgments in favor of Defendants are reversed, and the causes are remanded.

All concur.