Edward J. RENNER, Jr., Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Appellant.

No. ED 91703.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 26, 2009.

Chris Koster and James A. Chenault III, Jefferson City, MO, for appellant.

Thomas A. Connelly, St. Louis, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

The Director of Revenue, State of Missouri ("DOR") appeals the judgment of the trial court ordering Edward Joseph Renner, Jr.'s ("Renner") commercial driver's license reinstated. The DOR argues the court erroneously set aside the disqualification of Renner's commercial driver's license ("CDL") because such disqualification was proper under the relevant statutory provisions. We reverse and remand.

Renner was arrested for driving his personal vehicle while intoxicated and received a suspended imposition of sentence. He received a notice of disqualification of his privilege to drive a commercial motor vehicle and subsequently filed a petition for review of the disqualification. Renner's petition for review alleged the disqualification was not authorized by law because he had not been "convicted" of driving while intoxicated and he was not operating a commercial vehicle. The trial court entered judgment in favor of Renner, ordering his CDL reinstated. The court reasoned that Renner was not driving a commercial vehicle under the influence of alcohol, and therefore section 302.755 RSMo (Cum.Supp.2006)[1] did not apply. Furthermore, the court concluded Renner's suspended imposition of sentence was not an unvacated adjudication of guilt, and thus Renner would not be "convicted" of driving under the influence of alcohol "unless and until he violated his probation as a condition of his release without bail." The DOR now appeals.

■ In its sole point on appeal, the DOR claims the trial court erred in setting aside the disqualification of Renner's CDL. The DOR argues the disqualification was proper because Renner had been "convicted" as defined in section 302.700 of an

---

1. All further statutory references are to RSMo    (Cum.Supp.2006) unless otherwise indicated.

offense mandating disqualification under section 302.755. In response to the DOR's claims, Renner argues they were not raised before the trial court and are not preserved for our review. We find Renner's argument wholly without merit. The basis for Renner's petition for review was that he was not "convicted" of driving while intoxicated as well as that he was not operating a commercial motor vehicle when the alleged offense occurred. In its answer to Renner's petition, the DOR cites both section 302.700 and 302.755 in response to these allegations. Moreover, the transcript reflects that the DOR cited these provisions and argued Renner was convicted of driving under the influence of alcohol. The claims presented on appeal were clearly presented to the trial court and are preserved for our review.

■ The Uniform Commercial Driver's License Act, sections 302.700 through 302.780, regulates commercial driver's licenses. Pursuant to section 302.755.1(1), a person is disqualified from driving a commercial motor vehicle if convicted of a first violation of driving "a motor vehicle under the influence of alcohol...." As we discussed in *Jones v. Director of Revenue, State of Missouri*, 237 S.W.3d 624, 625–26 (Mo.App.2007), this statute was amended in 2005. Prior to the amendment, section 302.755 allowed for disqualification of a CDL only after a conviction for driving a *commercial* motor vehicle under the influence. *Id.* (citing Section 302.755.1(1) RSMo (2000)) (emphasis added). Given the 2005 amendment, it is clear the legislature intended to broaden the effect of section 302.755. The statute now provides for disqualification from driving a commercial motor vehicle if an individual is convicted of driving a motor vehicle under the influence of alcohol or a controlled substance, regardless of whether the vehicle is a commercial one. Thus, section 302.755 clearly applies to Renner. As a result, we must now consider whether the suspended imposition of sentence Renner received for driving while intoxicated constitutes a "conviction" for purposes of disqualification.

Section 302.700.2(8) defines "conviction" as the following:

an unvacated adjudication of guilt, including pleas of guilt and nolo contendre, or a determination that a person has violated or failed to comply with the law in a court of original jurisdiction or an authorized administrative proceeding, an unvacated forfeiture of bail or collateral deposited to secure the person's appearance in court, the payment of a fine or court cost, or violation of a condition of release without bail, regardless of whether the penalty is rebated, suspended or prorated.

According to the DOR, the language at the end of the definition, "regardless of whether the penalty is rebated, suspended or prorated," is used to qualify the entire definition. However, the trial court construed this language to apply only to the phrase a "violation of a condition of release without bail."

■ "We approach the task of statutory interpretation mindful that it is the function of the courts to construe and apply the law and not to make it." *State v. Meggs*, 950 S.W.2d 608, 610 (Mo.App.1997). In interpreting statutes our primary goal is to determine and further the intent of the legislature. *State v. Wilson*, 55 S.W.3d 851, 856 (Mo.App.2001). We derive our interpretation from the plain and ordinary language of the statute. *Id.* We do not construe clear and unambiguous language; however, if an ambiguity exists, we attempt to construe the statute in a way that does not render an absurd result. *Id.* "When determining whether statutory language is clear and unambiguous, we determine whether the terms of the statute are 'plain and clear to one of ordinary intelli-

gence.'" *Id.* (*quoting Wolff Shoe Co. v. Dir. of Revenue,* 762 S.W.2d 29, 31 (Mo. banc 1988)). In addition, we are not guided only by an isolated sentence, but instead we look to the provisions of the whole law and its object and policy. *Meggs,* 950 S.W.2d at 610.

Renner argues the clear and unequivocal language of the definition refers to a situation where a defendant's penalty is suspended and the defendant is then placed on probation with conditions. According to Renner, only when there is a violation of those conditions of the probation is there a conviction under section 302.700.2(8). However, considering the language of the statute and the Uniform Commercial Driver's License Act as a whole, we believe the legislature intended the language of "regardless of whether the penalty is rebated, suspended or prorated" to apply to all penalties enumerated in the definition, not simply as a qualifier to a defendant's violation of a condition of release without bail. The definition of "conviction" under section 302.700.2(8) contains a listing of several penalties, including adjudications of guilt, guilty pleas, findings of violations in authorized administrative proceedings and violations of conditions of release, among others. As Renner notes, these penalties are separated by the word "or." The use of the disjunctive "or" generally indicates an alternative or choice among things. *State v. Graham,* 149 S.W.3d 465, 467 (Mo. App.2004). The word "or" as used in section 302.700.2(8) indicates that each of the penalties listed can alternatively constitute convictions, for example: "an unvacated adjudication of guilt, ... *or* a determination that a person has violated or failed to comply with the law in a court of original jurisdiction ...." (emphasis added). At the end of the list of penalties which constitute a "conviction" under the statute, the legislature added the phrase "regardless of whether the penalty is rebated, suspended or prorated." When reading the plain language of the definition it is clear the last phrase applies to the overall list of potential penalties constituting a "conviction."

In addition, as noted above, we do not look to one single sentence or phrase in interpreting legislation. *Meggs,* 950 S.W.2d at 610. Instead, we look to the provisions of the law in its entirety and its object and policy. *Id.* Here, the 2005 amendment to section 302.755 expanded the potential grounds for disqualification of commercial driver's licenses. Prior to the amendment, section 302.755 allowed for disqualification of a CDL only after a conviction for driving a *commercial* motor vehicle under the influence. Section 302.755.1(1) RSMo (2000) (emphasis added). The statute now provides for disqualification from driving a commercial motor vehicle if an individual is convicted of driving a motor vehicle under the influence of alcohol or a controlled substance, regardless of whether the vehicle is a commercial one. Clearly the legislature intended to broaden the potential exposure for disqualification of a CDL. Given this evidence of the legislature's intent, we believe the legislature intended to qualify the entire list of potential penalties constituting a "conviction" under section 302.700.2(8) with the conclusory language of "regardless of whether the penalty is rebated, suspended or prorated."

As previously discussed, pursuant to section 302.755, a person is disqualified from driving a commercial motor vehicle if convicted of driving a motor vehicle, including his personal vehicle, under the influence of alcohol or a controlled substance. In the present case Renner pleaded guilty to driving while intoxicated and received a suspended imposition of sentence. The definition of "conviction" under section 302.700.2(8) includes a guilty plea, regardless of whether the penalty is

suspended. Thus, Renner's commercial driver's license was properly disqualified pursuant to the statutes, and the trial court erred in reinstating his license.

The judgment of the trial court is reversed and remanded with instructions to enter judgment in favor of the Director of Revenue and deny Renner relief.

ROBERT G. DOWD, JR. and SHERRI B. SULLIVAN, JJ., concur.