Brian ROZELLE, Respondent/Cross–
Appellant,

v.

Vickie ROZELLE, Appellant/Cross–
Respondent.

Nos. ED 94167, ED 94235.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 14, 2010.

Vickie Rozelle, St. Louis, MO, for appellant.

Tonya McAlpine–Morris, St. Louis, MO, for respondent.

Before: GARY M. GAERTNER, JR., P.J., MARY K. HOFF, J., and PATRICIA L. COHEN, J.

PER CURIAM.

## Introduction

Vickie Rozelle (Mother), pro se, and Brian Rozelle (Father) appeal from the trial court's judgment. Mother argues the trial court erred in finding the parties' older son, Brian L. Rozelle II (Brian), emancipated at the age of twenty-two and in ordering her to repay support Father paid for Brian in the amount of $5,709.42. Father contends the trial court erred in its calculation of the repayment amount and in failing to terminate child support for the parties' younger son, Brandon J. Rozelle (Brandon), who was enrolled in an institute of higher education but taking fewer than 12 credit hours per semester. With respect to Father's appeal, we affirm the judgment of the trial court, with modifications. As to Mother's appeal, we have reviewed her contentions and find no error. An extended opinion as to Mother's appeal would have no precedential value. Therefore, Mother's appeal is affirmed in accordance with Rule 84.16(b). We have furnished the parties a memorandum setting forth the reasons for this decision.

## Background

The parties' marriage was dissolved in 2000. The dissolution judgment awarded primary physical custody to Mother and joint legal custody to Mother and Father, and gave Mother sole decision-making authority as to the children's educations. The dissolution judgment ordered Father to pay $861.00 per month for support of the two children born of the marriage: Brian, born on March 8, 1985, and Brandon, born on July 25, 1989. In the event that Father was required to pay support for only one child, the sum would be $627.00 per month. Mother filed for an income-withholding order.

## Brian

In 2003 Brian timely entered a post-secondary institution of higher education as a full-time student, enrolling in and successfully completing a minimum of 12 credit hours per semester until he graduated in December 2008, at the age of twenty-three. Brian turned twenty-one years old on March 8, 2006. As best this court can discern from the trial court docket sheet, in March 2009 Father filed an affidavit for termination of child support for Brian, to which Mother objected.[1] On July 9, 2009, the trial court terminated child support for Brian, preliminarily giving his emancipation date as March 8, 2006, the date he attained the age of twenty-one. The amount of overpayment of child support remained contested, and the issue was set for further hearing.

Thereafter, Mother argued that Brian did not emancipate until the age of twenty-two. She noted that the 2007 statutory amendment to Section 452.340.5 RSMo[2] lowered the emancipation age to twenty-one for minor children attending an institute of higher education, but argued that the court should apply the statute in effect at the time of the dissolution, which provided for emancipation at the age of twenty-two. She further asserted that because Brian emancipated on his birthday, she gave Father "actual notice" of Brian's eventual emancipation date on the day he was born. She argued that because Father was aware of Brian's twenty-second

---

1. This court is unable to discern the basis for either the emancipation or Mother's objection, as neither party submitted a copy of the affidavit as part of the legal file.

2. All statutory references are to RSMo Supp. 2010, unless otherwise indicated.

birthday, she should not be obligated to give Father additional notice of Brian's emancipation on that date. She did not deny Father's assertion that she failed to submit to Father a sworn statement or affidavit notifying him of Brian's emancipation. Likewise, she contended that because Father continued to provide support for Brian after knowing that Brian was twenty-two and therefore emancipated, Father's overpayments should be considered gifts.

To support his request for termination, Father argued that the age of emancipation is governed by the statute in effect at the time of the claimed emancipation. Further, because Brian's emancipation could have occurred under several circumstances, Mother's duty to notify Father of the emancipation is never waived. Any payments made following Brian's emancipation were not voluntary gifts, because, due to the wage withholding order, child support was automatically deducted from his paychecks and Father could not unilaterally terminate the wage-withholding order.

*Brandon*

Brandon reached the age of 18 on July 25, 2007. He timely enrolled for the Fall 2007 semester in an institution of higher education. Brandon enrolled in 14 credit hours; however, in his first semester he completed only 8 credit hours. Brandon thereafter continued attending an institute of higher education, enrolling in at least 12 credit hours each semester, but completing 9 credit hours in his Spring 2008 semester, 12 credit hours in his Fall 2008 semester, and 9 credit hours in his Spring 2009 semester.

In April 2009 Father filed an affidavit for termination of child support for Brandon. In response, Mother argued that the 2007 amendment to Section 452.340.5 provides that when a child receives failing grades in half or more of his course load, child support *may* be terminated. Accordingly, applying the 2007 amended statute, because Brandon had enrolled in 12 credit hours per semester and completed 8–12 credit hours, he had fulfilled the requirements for continued child support under the amended law. Section 452.340.5.

*Trial Court's Order/Judgment*

On November 16, 2009, the trial court determined Brian reached the age of emancipation on March 8, 2007, his twenty-second birthday. The court noted that Section 452.370.4 mandates that the parent receiving support "s hall" have the duty to notify the paying parent of a child's emancipation; and that if the parent receiving support fails to do so, then he or she "s hall" be liable for any support paid following emancipation, plus interest. Because Mother did not notify Father when Brian emancipated, she was liable for any overpayments. Accordingly, the court ordered mother to reimburse Father in the amount of $5,238.00 for child support paid for Brian between April 2007 and June 2009, plus 9% interest in the amount of $471.42. The court reached this amount by subtracting $627.00 from $861.00, to reach the amount of $194.00 per month, multiplied by 27 months (April 2007 through June 2009).

As to Brandon, the court denied Father's request to terminate child support. The court noted both (1) the statutory language providing that child support shall continue "so long as" the child enrolls for and completes at least 12 credit hours per semester, and (2) the discretionary language, added in the 2007 statutory amendment, providing that the support "may" be terminated if the child received failing grades in 50% or more of his courseload. *See* Section 452.340.5. Further noting Missouri's public policy of promoting the pursuit of higher education and Brandon's continuing efforts to complete his under-

graduate degree, the court used its discretionary authority to hold that Brandon would not be emancipated until his twenty-first birthday.

Both parties timely appealed.

## Standard of Review

■ Our review of a trial court's Judgment granting a motion for emancipation and termination of child support is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), under which we must affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Kerr v. Kerr*, 100 S.W.3d 912, 914 (Mo.App. W.D.2003). Further, we view the evidence in a manner favorable to the judgment and disregard contrary evidence, and we defer to the trial court even if the evidence could support a different conclusion. *Wynn v. Wynn*, 738 S.W.2d 915, 918 (Mo.App. E.D.1987). The party seeking emancipation has the burden of showing facts that prove emancipation. *Wilkins v. Wilkins*, 300 S.W.3d 594, 598 (Mo.App. E.D.2009). No deference is owed, however, to the trial court's statutory construction, which we review de novo. *See Finnegan v. Old Republic Title Co. of St. Louis, Inc.*, 246 S.W.3d 928, 930 (Mo. banc 2008).

## Discussion

### Point I

■ In his first point on appeal, Father asserts the trial court made a mathematical error in its repayment order. The trial court ordered Mother to repay the difference between $861.00 per month for two children and $627.00 per month, which it characterized as $194.00 per month, for 27 months plus 9% interest, for a total of $5,709.42.

■ Pursuant to Missouri Rule of Civil Procedure 84.14, the court of appeals may dispose of a case by giving "such judgment as the court ought to give." Accordingly, when an error is merely mathematical in nature, this court can modify the judgment to correct the error and then affirm the judgment of the trial court as modified. Mo. R. Civ. P. 84.14 (2010); *Andrews v. Andrews*, 289 S.W.3d 717, 726 (Mo.App. E.D.2009). We will recalculate the proper reimbursement amount, and enter judgment accordingly. The difference between $861.00 and $627.00 is $234.00. That amount multiplied by 27 months is $6,318.00. Father has not alleged error in the trial court's method of calculating interest; thus, we adopt the same method and calculate a total of $6,886.62: $6,318.00 plus 9% simple interest.[3] Thus, Mother shall repay to Father $6,886.62 for his overpayment of child support following Brian's emancipation.

Point granted.

### Point II

■ In his second point on appeal, Father argues that the trial court erred in finding that Brandon will not emancipate until his twenty-first birthday even though he failed to complete 12 credit hours at the end of his first semester. We disagree.

The foremost rule of statutory interpretation is to ascertain the intent of the legislature from the language used, by considering the words in their plain and ordinary sense. *S. Metropolitan Fire Protection Dist. v. City of Lee's Summit*, 278 S.W.3d 659, 666 (Mo. banc 2009). We are

---

**3.** Nine percent interest is consistent with the provisions of Section 408.040. *S.L.J. v. R.J.*, 783 S.W.2d 508, 509 (Mo.App. E.D.1990).

conscious that "it is the function of the courts to construe and apply the law and not to make it." *Renner v. Dir. of Revenue*, 288 S.W.3d 763, 765 (Mo.App. E.D. 2009) (citation omitted). We do not construe clear and unambiguous language, but if an ambiguity exists, we will attempt to read the statute in a way that does not render an absurd result. *Id.* In reading the statute, we look not to an isolated sentence, but rather to the provisions of the law in its entirety, and to its object and policy. *Id.* at 766.

■ Because Missouri public policy encourages children to pursue higher education, this court will liberally construe the continuing-education requirements. *See Wilkins*, 300 S.W.3d at 598. Father contends that Brandon emancipated in, at the earliest, December of 2007, and thus this court will apply the 2007 statute. *See Hall v. Deters*, 1 S.W.3d 581, 584 (Mo.App. E.D. 1999) (apply law in effect at time of claimed emancipation).

In 2007, the Missouri legislature modified Section 452.340.5 by adding the following language, italicized below:

> If the child is enrolled in an institute of vocational or higher education not later than October first following graduation from a secondary school ... and so long as the child enrolls for and completes at least twelve hours of credit each semester, ... the parental support obligation shall continue until the child completes his or her education, or until the child reaches the age of twenty-one, whichever occurs first.... *When enrolled in at least twelve credit hours, if the child receives failing grades in half or more of his or her courseload in any one semester, payment of child support may be terminated and shall not be eligible for reinstatement.*

Section 452.340.5 (emphasis added). This italicized provision appears to replace the former language, added in 2005, which stated: "If the child has pursued a path of continuous attendance and has demonstrated evidence of a plan to continue to do so, the court *may* enter a judgment abating support for a period of up to five months for any semester in which the child completes at least six but less than twelve credit hours." Section 452.340.5 RSMo 2005 (emphasis added). Prior to the 2005 amendment, the statute simply provided that child support would continue "so long as the child enrolls for and completes at least twelve hours of credit each semester." Section 452.340.5 RSMo 1999.

Looking to the language of the present statute, the "so long as" provision and the discretionary provision added in 2007 appear in direct conflict with each other. Prior to the 2005 and 2007 amendments, Missouri courts typically interpreted the "so long as" provision as requiring the minor child to complete 12 credit hours per semester to avoid emancipation. *See e.g., Lombardo v. Lombardo*, 35 S.W.3d 386, 389–91 (Mo.App. W.D.2000). The Missouri legislature must have been aware of this longstanding judicial interpretation when it modified Section 452.340.5 to allow trial courts discretion. *Harding v. Lohman*, 27 S.W.3d 820, 824 (Mo.App. W.D.2000) ("[t]he Legislature is presumed to have acted with full awareness and complete knowledge of the present state of the law, including judicial and legislative precedent"). In light of Missouri's public policy encouraging higher education, a reasonable interpretation of this conflict is that, by adding the discretionary language, the Missouri legislature intended to allow minor children who are actively pursuing higher education but fall below 12 credits per semester to receive child support; while it intended the stricter "so long as" language to be directed toward the parental responsibility to provide support. *See*

*Donaldson v. Crawford,* 230 S.W.3d 340, 342 (Mo. banc 2007) (statutory construction is to be reasonable and logical).

Further, comparing the 2007 and 2005 versions of the statute, the 2007 amendment appears to indicate the Missouri legislature's priority to provide continuing support to any child who is continuing his higher education, regardless of academic struggles. Notably, the 2005 law's abatement provision has been replaced with the current language allowing courts the discretion to order child support to continue despite one or more failing grades. *S. Metropolitan Fire Protection Dist.,* 278 S.W.3d at 666 (ascertain intent of legislature from language used). Here, Brandon's educational path is that envisioned and specifically protected by the 2007 amendment: he enrolled as a fulltime student immediately after high school, has attempted a full courseload every semester since, and is continuing his schooling despite his struggles. Thus, the trial court did not err in exercising its discretion to find that because Brandon was actively pursuing his degree, he would not be emancipated until the age of twenty-one.

Point denied.

*Conclusion*

The judgment of the trial court is affirmed as modified.