# United States Court of Appeals

For the Eighth Circuit

_____

No. 18-3467

_____

Brandon Graham, individually and also on behalf of all similarly situated persons

*Plaintiff - Appellant*

v.

CIOX Health, LLC

*Defendant - Appellee*

------------------------------

Lynn Henderson; Espire Concepcion; Tyrone Green-Smith; Antonio Jones

*Movant*s

_____

No. 18-3468

_____

Brandon Graham, individually and also on behalf of all similarly situated persons

*Plaintiff*

v.

CIOX Health, LLC

*Defendant - Appellee*

------------------------------

Lynn Henderson; Espire Concepcion; Tyrone Green-Smith; Antonio Jones

*Movants - Appellants*

_____

Appeals from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 23, 2019
Filed: March 12, 2020

_____

Before KELLY, MELLOY, and STRAS, Circuit Judges.

_____

KELLY, Circuit Judge.

The issue in this case is whether a Missouri statute permits health care providers to charge patients who request their medical records a "search" fee when there are no responsive medical records to be found. The district court[1] decided that the answer is yes. We agree and affirm the district court's judgment.

## I. Background

Brandon Graham's attorney sent a written request to St. Mary's Hospital for Graham's health care records from July 10, 2017, to October 31, 2017. CIOX Health, LLC, which fulfills medical-records requests for St. Mary's Hospital, searched for Graham's health care records from the dates requested, found none, and sent Graham's attorney a letter stating: "We regret to inform you that we were unable to

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

process your request as the patient did not receive services on the service date(s) requested. No dates of treatment 7/10/17 - 10/25-17 at St. Mary's Hospital - St. Louis." CIOX billed Graham's attorney a "Basic Fee" of $24.85, a "Retrieval Fee" of $0.00, and a "Per Page Copy" fee of $0.00 for this service.

Graham subsequently filed this proposed class action lawsuit alleging that CIOX's practice of charging a "Basic Fee" for unsuccessful records searches violates Mo. Rev. Stat. § 191.227 (2017). Under that statute, health care providers "shall, upon written request of a patient, or guardian or legally authorized representative of a patient, furnish a copy of his or her record of that patient's health history and treatment rendered to the person submitting a written request." Id. § 191.227.1. However, they are not required to provide this service for free. As relevant here,

> Health care providers may condition the furnishing of the patient's health care records . . . upon payment of a fee for:
>
> > (1)(a) **Search and retrieval**, in an amount not more than twenty-four dollars and eighty-five cents plus **copying** in the amount of fifty-seven cents per page for the cost of supplies and labor plus, if the health care provider has contracted for off-site records storage and management, any additional labor costs of outside storage retrieval, not to exceed twenty-three dollars and twenty-six cents, as adjusted annually pursuant to subsection 5 of this section; or
> >
> > (b) The records shall be furnished electronically upon payment of the **search, retrieval, and copying fees** set under this section at the time of the request or one hundred eight dollars and eighty-eight cents total, whichever is less, if [certain conditions are met] . . . .

Id. § 191.227.2 (emphasis added).

CIOX filed a motion to dismiss the lawsuit. It argued that the statutory language permitting health care providers to "condition the furnishing of the patient's health care records . . . upon a payment of a fee for . . . [s]earch and retrieval" authorized it to charge a "Basic Fee" for searching for a patient's health care records—even when the search was unsuccessful. The district court agreed, concluding that "[t]he plain language of the statute permits the charge of this fee."

Graham appeals. He argues that CIOX was not permitted to charge a basic fee for searching for his health care records because (1) CIOX did not "furnish" any "health care records" and (2) the statute only authorizes health care providers to charge a fee for "search *and* retrieval," not a standalone fee for a "search."

## II. Standard of Review

"We review de novo the district court's grant of a motion to dismiss." Halbrook v. Mallinckrodt, LLC, 888 F.3d 971, 975 (8th Cir. 2018). Where, as here, we are called upon to interpret state law, "our role is to follow the law as decided by that state's highest court. Absent clear direction from that court, we must conduct our analysis as a predictive exercise, interpreting state law in the manner we believe the state's highest court would rule." Id. (cleaned up).

## III. Analysis

The statute at issue permits health care providers to "condition the furnishing of the patient's health care records" upon the payment of certain fees. See Mo. Rev. Stat. § 191.227.2. Graham argues that CIOX did not "furnish his health care records" because no such records existed. Thus, he contends that the statutory prerequisite was not satisfied, and CIOX was not authorized to charge him a fee.

CIOX sent Graham's attorney a letter stating that Graham "did not receive services on the service date(s) requested. No dates of treatment 7/10/17 - 10/25-17

-4-

at St. Mary's Hospital - St. Louis." This letter is a "record" within the ordinary meaning of that term because it "recalls or relates past events"—namely, Graham's non-treatment on the dates requested. Merriam-Webster's Collegiate Dictionary 1040 (11th ed. 2012). CIOX "furnished" this record to Graham's authorized representative by giving or supplying it to his attorney. See id. at 508. And the record, sent on behalf of St. Mary's Hospital in response to a request for Graham's medical records, relates information about Graham's health care. We thus conclude that CIOX furnished a health care record within the meaning of the statute.[2]

Health care providers "may condition" the furnishing of health care records "upon payment of a fee for . . . [s]earch and retrieval . . . ." Mo. Rev. Stat. § 191.227.2(1)(a). Graham's next argument is that this only authorizes health care providers to charge a single fee for "search *and* retrieval," not separate fees for "search *or* retrieval." He contends that where, as here, a health care provider does not "retrieve" anything, it cannot charge a fee solely for the "search."

As a preliminary matter, Graham's framing of the issue as whether "and" bears a conjunctive or disjunctive meaning in the phrase "search and retrieval" is misplaced. We agree that "and" should be given "its ordinary plain meaning as a conjunctive." Stires v. Dir. of Revenue, 477 S.W.3d 611, 615 (Mo. banc 2016). But that does not, by itself, resolve this issue. Even if "and" is given a conjunctive meaning, we must still decide whether the statute requires CIOX to conduct both a "search *and* retrieval" before it may charge a fee, as Graham argues, or whether the statute authorizes a fee for both "search *and* retrieval," as CIOX argues.

---

[2]A subsequent amendment codifies this understanding. The statute now states: "For purposes of subsections 1 and 2 of this section, 'a copy of his or her record of that patient's health history and treatment rendered' or 'the patient's health care records' includes a statement or record that no such health history or treatment record responsive to the request exists." Mo. Rev. Stat. § 191.227.3 (2018).

-5-

We think CIOX has the better position. The list in § 191.227.2(1) does not describe what a health provider "must" or "shall" do to earn a fee; instead, it lists the fees that a health care provider "may" charge for furnishing a record. Cf. Stiers, 477 S.W.3d at 615. In some cases, an actor may be required to do two things to earn a single fee. But that is more likely to be the case where both activities are within the actor's control. Cf. Finnegan v. Old Republic Title Co. of St. Louis, 246 S.W.3d 928, 930 (Mo. banc. 2008) (concluding that "the failure of the notaries to record their notarizations" precluded them from charging a fee for the "notarization of each signature and the proper recording thereof"). Here, Graham acknowledges that retrieval "is impossible when no records exist." It would be unusual for the legislature to require health care providers to conduct a search whenever a written request for medical records is submitted, see Mo. Rev. Stat. § 191.227.1, permit them to charge a "search" fee, id. § 191.227.2, but condition their ability to charge that fee upon the happenstance of whether there are pre-existing records to be found.

The plain language of the statute does not require this unusual result. The next subsection separately lists "search, retrieval, and copying fees." Mo. Rev. Stat. § 191.227.2(1)(b). This is a strong textual indication that the legislature thought of "search" fees and "retrieval" fees as distinct and that it did not intend to limit health care providers to charging only a single, indivisible fee for a "search and retrieval."[3]

Accordingly, we affirm the district court's dismissal of this action. The movants' appeal of the denial of their motion to intervene is dismissed as moot.

---

[3]The dissent would read this list of three fees as a list of two: a "search and retrieval" fee and a "copying" fee. The dissent justifies this interpretation by noting that subsection (1)(b) cross-references subsection (1)(a) and declaring that "the only reasonable reading" of subsection (1)(a) is that it authorizes only a single fee for "search and retrieval." However, we believe it is reasonable to interpret subsection (1)(a) as authorizing distinct fees for "search" and "retrieval." The three-fee list in subsection (1)(b) supports this interpretation.

STRAS, Circuit Judge, dissenting.

This case requires us to answer two questions. The first is whether a prior version of Missouri's medical-records statute authorizes a single fee for "[s]earch and retrieval" or one fee for a "[s]earch" and a separate one for "retrieval." If a single fee covers both actions, then the second question is whether CIOX may charge a customer when it searches but does not retrieve anything. I respectfully dissent because, in my view, the statute sets a single fee that requires the completion of both actions.

## I.

Under Missouri law, the "primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue." *Parktown Imps., Inc. v. Audi of Am., Inc.*, 278 S.W.3d 670, 672 (Mo. banc 2009). This includes giving words and phrases their common and ordinary meaning, *Abrams v. Ohio Pac. Express*, 819 S.W.2d 338, 340 (Mo. banc 1991); interpreting statutes, including related provisions, as a whole, *Gott v. Dir. of Revenue*, 5 S.W.3d 155, 159–60 (Mo. banc 1999); and applying the rules of grammar when they are helpful, *see Caplinger v. Rahman*, 529 S.W.3d 326, 332 (Mo. Ct. App. 2017).

## A.

Applying these principles, the statute authorizes only a single fee for "[s]earch and retrieval," not separate fees for each of these acts. As relevant here, subsection 2 states:

> **Health care providers may condition the furnishing of the patient's health care records** to the patient, the patient's authorized representative or any other person or entity authorized by law to obtain or reproduce such records **upon payment of a fee for:**

**(1)(a) Search and retrieval**, in an amount not more than twenty-four dollars and eighty-five cents plus copying in the amount of fifty-seven cents per page for the cost of supplies and labor plus, if the health care provider has contracted for off-site records storage and management, any additional labor costs of outside storage retrieval, not to exceed twenty-three dollars and twenty-six cents, as adjusted annually pursuant to subsection 5 of this section; . . .

**(2) Postage**, to include packaging and delivery cost; **and**

**(3) Notary fee**, not to exceed two dollars, if requested.

Mo. Rev. Stat. § 191.227.2 (Supp. 2017) (emphasis added). Focusing on the critical language, the provider "may condition the furnishing of the patient's health care records . . . upon payment of a fee for: (1) . . . [s]earch and retrieval . . . ; (2) [p]ostage . . . ; and (3) [n]otary fee . . . ."

If this sounds like a list of three fees, it is. Lists with four nouns and two conjunctions cannot contain four separate items.[4] They necessarily include one compound item—here, search and retrieval—made up of more than one noun. *See* Rodney Huddleston & Geoffrey K. Pullum, *The Cambridge Grammar of the English Language* 1279 (2002) (referring to this type of construction as "layering"). The structure of the statute makes clear that there are three fees, each of which is discussed in a separate paragraph of subsection 2: one for "[s]earch and retrieval," one for "[p]ostage," and one for a "[n]otary." The key takeaway is that only one fee covers the compound item, "[s]earch and retrieval."

---

[4]If the goal was to create a list with four items, not just three, the Missouri General Assembly could have picked one of the following structures: "search, retrieval, postage, and notary fee" or "search and retrieval and postage and notary fee." *See* Rodney Huddleston & Geoffrey K. Pullum, *The Cambridge Grammar of the English Language* 1276 (2002).

-8-

B.

If the statute creates a single search-and-retrieval fee, then the focus shifts to whether a health-care provider must complete both actions before it can charge the fee. In the statute, the word "and" separates the two nouns, "search" and "retrieval." In Missouri, there is a strong presumption that "and" is conjunctive, not disjunctive, meaning that it is read as an "and," not as an "or." *See Stiers v. Dir. of Revenue*, 477 S.W.3d 611, 615 (Mo. banc 2016). This presumption "strong[ly]" suggests that both acts—search and retrieval—must be completed before CIOX can charge the fee. *Id.* (citation omitted).

Indeed, the Missouri Supreme Court has considered a statute like this one before. In *Finnegan v. Old Republic Title Co. of St. Louis*, the statute authorized notaries to charge a fee of two dollars "for notarization of each signature *and* the proper recording thereof in the journal of notarial acts." 246 S.W.3d 928, 929 (Mo. banc. 2008) (quoting Mo. Rev. Stat. § 486.350 (emphasis added)). The plaintiffs sued, arguing that the title company should not have charged them a fee because the notaries did not record anything in their journals. *Id.* The court agreed and concluded that the fee could only be collected if notaries completed both acts: "notarization" and "proper recording." *Id.* at 930. The reason, the court said, was that the "use of the word 'and' indicate[d] a legislative intent that recording . . . be an additional requirement to a $2 charge under the statute."[5] *Id.*

---

[5]The court tries to distinguish *Finnegan* by suggesting that both notarization and proper recording were "within the [notaries'] control." *Ante* at 6. It is not clear what difference this makes. After all, the notary statute was grammatically indistinguishable from the one here, and *Finnegan* emphasized "the plain language" and the significance of the word "and," 246 S.W.3d at 930, not the feasibility of completing the recording.

I would reach the same conclusion here. To use *Finnegan*'s words, retrieval of a medical record is "an additional requirement to a [$24.85] charge under the statute." *Id.* CIOX did not retrieve any records, so it was not entitled to payment.

II.

The court disagrees and interprets the statute to allow CIOX to charge the fee, regardless of whether it retrieves anything. It provides two reasons, but neither is persuasive.

The court begins with policy. It asks why the Missouri General Assembly would prohibit health-care providers from charging a fee when they have taken the time to search for records, but by "happenstance . . . there are [no] pre-existing records to be found."[6] *Ante* at 6. It says that such a decision would be "unusual," but even if this were true, it would not matter because the text is unambiguous. *See Kerperien v. Lumberman's Mut. Cas. Co.*, 100 S.W.3d 778, 781 (Mo. banc 2003) ("Where the language of a statute is unambiguous, courts must give effect to the language used by the legislature.").

But the court's logic falls short on its own terms too. Viewed from the perspective of consumers, this decision is not unusual at all. As a consumer-protection statute, one of its purposes seems to be to protect patients from overcharges. So if a patient requests something, but receives nothing, then it is not odd for the patient to pay nothing. Although this scheme may be unfair to CIOX, it is the result of how the Missouri General Assembly decided to balance the

---

[6] Even if the "no records" letter is, as the court concludes, itself a record, it was newly created in response to Graham's inquiry and could not have been "retriev[ed]" by CIOX. *See The American Heritage Dictionary of the English Language* 1500 (5th ed. 2016) (defining "retrieve" as "[t]o gain access to (stored information)"); *Webster's Third New International Dictionary* 1940 (2002) (defining "retrieve" as "REGAIN, REPOSSESS").

interests of patients and health-care providers in the statute. *See Goerlitz v. City of Maryville*, 333 S.W.3d 450, 456 (Mo. banc 2011) (discussing the "time-honored principle" that "policy decisions" are left to the legislature). It is not our place to second-guess its judgment. *In re Brockmire*, 424 S.W.3d 445, 450 (Mo. banc 2014).

The court ends its analysis by relying on subparagraph (1)(b)'s reference to "search, retrieval, and copying fees," but this phrase provides no help either.[7] The court believes it provides "a strong textual indication that . . . 'search' fees and 'retrieval' fees [are] distinct." *Ante* at 6. But this reads too much into a simple cross-reference to the fees found elsewhere "under this section": the "[s]earch and retrieval" fee in subparagraph (1)(a), which includes compensation for copying; and a separate fee, contained in the next subsection, for the "reasonable cost of all duplications of health care record material or information which cannot routinely be copied or duplicated on a standard commercial photocopy machine." Mo. Rev. Stat. § 191.227.2(1)(a), .3 (Supp. 2017). It does not, in other words, change the only reasonable reading of the statute: CIOX was only entitled to collect a fee from Graham if it conducted a search *and* retrieved a medical record, the latter of which never occurred here.

———————————————

[7]As relevant here, subparagraph 1(b) says that health-care providers must furnish records electronically, "upon payment of the search, retrieval, and copying fees set under this section at the time of the request . . . if such person: [listing three conditions]." Mo. Rev. Stat. § 191.227.2(1)(b) (Supp. 2017).