SUPREME COURT OF MISSOURI
 en banc
STATE OF MISSOURI, ) Opinion issued April 6, 2021
 )
 Respondent, )
 )
v. ) No. SC98546
 )
MATTHEW JAMES LEE MCCORD, )
 )
 Appellant. )

 APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY
 The Honorable David C. Jones, Judge

 Appellant Matthew James Lee McCord (“McCord”), a registered sex offender,

appeals his conviction for residing within 1,000 feet of George Washington Carver Middle

School (“Carver Middle School”). McCord claims his conviction must be vacated because

the rule of lenity requires measuring the distance from his residence to the Carver Middle

School building rather than the school property line and his residence was located more

than 1,000 feet from the Carver Middle School building. Because the circuit court did not

err in concluding the word “school” as used in section 566.147 1 includes the Carver Middle

School building as well as the adjoining school property and in finding McCord’s residence

1
 All statutory references are to RSMo 2016 unless otherwise noted.
was within 1,000 feet of the Carver Middle School property line, the circuit court’s

judgment is affirmed.

 Factual and Procedural History

 In April 2017, the Greene County sex offender registrar received an anonymous tip

that McCord, a registered sex offender,2 was residing at a home (“Residence”) near Carver

Middle School in Springfield, Missouri. At that time, section 566.147 prohibited

sex offenders from residing within 1,000 feet of a “school.”

§ 566.147.1(2). When measuring from property line to property line, the Residence is

839.05 feet from Carver Middle School. The registrar referred the tip to law enforcement

to investigate. Two police officers visited the Residence and arrested McCord after

determining he had been living there since January 2017.

 Following a bench trial, the circuit court found McCord guilty of three offenses,

including the class E felony of residing as a sex offender within 1,000 feet of a school. 3

The circuit court sentenced McCord to four years in prison, suspended execution of the

sentence, and placed him on probation for five years. McCord appealed. The court of

appeals affirmed McCord’s conviction, and this Court granted transfer to determine the

meaning of the word “school” as used in section 566.147. 4 On appeal, McCord argues the

circuit court erred, asserting the 1,000-foot buffer mandated by section 566.147 must be

2
 McCord was required to register as a sex offender after he was convicted of second-
degree statutory rape.
3
 The circuit court also found McCord guilty of knowingly failing to register as a sex
offender on two separate occasions. McCord does not appeal either of these convictions.
4
 Under article V, section 10 of the Missouri Constitution, this Court has jurisdiction to
hear McCord’s appeal after the court of appeals issued its opinion.
 2
measured by the distance between the school and residential structures, rather than that of

their corresponding property lines. When measured from structure to structure, the

distance between the Residence and Carver Middle School is greater than 1,000 feet.

 Standard of Review

 McCord challenges the sufficiency of the evidence supporting his conviction,

arguing there is no evidence that he resided within 1,000 feet of Carver Middle School

under the appropriate interpretation of the word “school” as used in section 566.147. A

court reviewing the sufficiency of the evidence in a court-tried criminal case is limited to

ascertaining whether the State presented sufficient evidence “from which a trier of fact

could have reasonably found the defendant guilty.” State v. Vandevere, 175 S.W.3d 107,

108 (Mo. banc 2005). When conducting this review, the Court must examine “the evidence

and inferences in the light most favorable to the verdict, ignoring all contrary evidence and

inferences.” State v. Niederstadt, 66 S.W.3d 12, 14 (Mo. banc 2002). This Court, however,

reviews the circuit court’s interpretation of a statute de novo. Finnegan v. Old Republic

Title Co. of St. Louis, 246 S.W.3d 928, 930 (Mo. banc 2008).

 Analysis

 McCord’s appeal contesting the meaning and interpretation of the term “school” as

used in section 566.147 raises an issue of first impression for this Court. At the time of

McCord’s conduct, section 566.147.1(2) prohibited sex offenders from residing within

1,000 feet of “any public school as defined in section 160.011 ….” (emphasis added). 5

5
 The legislature later amended section 566.147 by adding, “For the purposes of the section,
one thousand feet shall be measured from the edge of the offender’s property nearest the
 3
Section 566.147 further provided that an offender “resides” where the offender “sleeps in

a residence, which may include more than one location and may be mobile or transitory.”

§ 566.147.3 (emphasis added). McCord maintains the words “school” and “residence” as

used in section 566.147 possessed multiple meanings. McCord argues the plain and

ordinary meaning of “school” and “residence” could refer to the school and residential

structures as well as to their corresponding property lines. McCord reasons that, because

the Missouri legislature declined to define both “residence” and “school” to indicate how

the 1,000 feet should be measured and because principles of statutory interpretation do not

shed light on the meaning of section 566.147, there is no way to divine the legislature’s

intent. McCord concludes the rule of lenity, therefore, requires this Court to take the more

forgiving structure-to-structure interpretation and vacate his conviction.

 “Under the rule of lenity, an ambiguity in a penal statute will be construed against

the government or party seeking to exact statutory penalties and in favor of persons on

whom such penalties are sought to be imposed.” State v. Graham, 204 S.W.3d 655, 656

(Mo. banc 2006). However, “‘[t]he rule of lenity applies to interpretation of statutes only

if, after seizing everything from which aid can be derived, [the court] can make no more

than a guess as to what the legislature intended.’” State v. Liberty, 370 S.W.3d 537, 547

(Mo. banc 2012) (alteration in original) (quoting Fainter v. State, 174 S.W.3d 718, 721

(Mo. App. 2005)). This Court gleans the legislature’s intent by giving a statute’s words

their plain and ordinary meaning. Mo. State Conference of NAACP v. State, 607 S.W.3d

public school … to the nearest edge of the public school ….” § 566.147.4, RSMo Supp.
2018.
 4
728, 732 (Mo. banc 2020). Because the legislature’s clear intent can be ascertained by

analyzing the statute’s plain and ordinary meaning, this Court need not apply the rule of

lenity. Liberty, 370 S.W.3d at 547. At the time of McCord’s conviction, section

566.147.1(2) directed that the term “public school” as used in the statute be defined by

section 160.011. Section 160.011 defined “public school” as “all elementary and high

schools operated at public expense[.]” § 160.011(7). The statute defined an “elementary

school” as “a public school giving instruction in a grade or grades not higher than the

eighth grade[.]” 6 § 160.011(2) (emphasis added). The language used to define an

“elementary school” in section 160.011(2) made clear that the term “school” as used in

section 566.147.1(2) referred to an institution where instruction is given. Instruction is

given and provided to students in school both inside and outside the school building.

Certain parts of a school’s curriculum are generally taught outside on the school’s property.

For example, physical education classes may be instructed on a school’s playground. A

recess break also frequently occurs outside the school building in the schoolyard. A teacher

or coach may even conduct class projects or extracurricular activities such as track and

field, football, tennis, or soccer, outdoors on the school grounds. 7 The plain and ordinary

meaning of the language used in section 160.011(2), therefore, articulated the legislature’s

intent that the word “school” as used in section 566.147 encompassed where student

instruction takes place: both inside the school building and outside on school grounds.

6
 McCord does not dispute that Carver Middle School qualifies as an “elementary school”
within this definition.
7
 The author would note, he learned as much in elementary and high school on the
playground and ball field as he did in the classroom.
 5
 McCord’s structure-to-structure interpretation of section 566.147 fails because it

would subvert the clear intent of the legislature as gleaned by the plain and ordinary

meaning of the term “school” as used in section 160.011(2). In enacting section 566.147,

the legislature intended to protect children at school where instruction is given by

precluding any chance of their interaction with or exposure to sex offenders by barring

such offenders from residing nearby. The legislature implemented this protection by

establishing a 1,000-foot buffer zone between such offenders and the school where such

children may be found. Under McCord’s proffered structure-to-structure interpretation, a

registered sex offender could subvert the intent of the legislature by residing in a home

adjoining a schoolyard as long as there were more than 1,000 feet between the school

building and the offender’s residential structure.

 McCord’s interpretation could also produce an illogical and unreasonable result.

Children are educated and spend significant time both inside and outside of the school

building. McCord’s interpretation would fail to protect students at school in the schoolyard

where students are less supervised and arguably more vulnerable than students inside the

school structure.

 Simply put, the point of the statute is to protect schoolchildren, not school buildings.

This Court must give effect to the legislature’s intent by giving the word “school” the only

reasonable, logical meaning in this context: to mean both the school building and the

property upon which it is located. Finnegan, 246 S.W.3d at 930. Therefore, the circuit

court did not err measuring the 1,000-foot buffer mandated by section 566.147 from the

Residence to the Carver Middle School property line rather than the school building. This

 6
Court need not further examine the meaning and interpretation of the term “residence” as

used in the statute. Because “school” as used in section 566.147 included the Carver

Middle School structure and adjoining school grounds, sufficient evidence supported

McCord’s conviction regardless of whether the statute required measuring the 1,000 feet

from the school to the offender’s residential structure or property line. The distance

between the property line of the Residence and Carver Middle School property line

measured 839.05 feet. Therefore, the residential structure would have to be set back at

least 160.95 feet from the residential property line to exceed the 1,000-foot limit and entitle

McCord to relief pursuant to his proffered definition of “residence.” This Court examined

State’s exhibits 4 and 5 admitted into evidence at trial. These exhibits reveal the structure

at the Residence is not set back 160.95 feet from the residential property line nearest the

school; therefore, both the Residence’s structure and property line were within 1,000 feet

of Carver Middle School’s property line. 8

8
 Exhibit 5 contains a legend indicating 500 feet is equivalent to 2.25 inches on the map;
therefore,160 feet is equivalent to 0.72 inches. The structure at the Residence, therefore,
would have to be set back at least 0.72 inches from the residential property line in exhibit
5 to lie beyond 1,000 feet from Carver Middle School’s property line. Yet there are fewer
than 0.5 inches between the property line and the residence structure on exhibit 5. Viewing
“the evidence and inferences in the light most favorable to the verdict, ignoring all contrary
evidence and inferences[,]” Niederstadt, 66 S.W.3d at 14, sufficient evidence supported
McCord’s conviction, whether measuring from the school property line to the residential
structure or to the residential property line.
 7
 For all these reasons, there was sufficient evidence supporting McCord’s conviction

for residing within 1,000 feet of Carver Middle School property line. The circuit court’s

judgment is affirmed.

 ___________________
 W. Brent Powell, Judge

Draper, C.J., Wilson, Russell, Breckenridge and Fischer, JJ., concur.

 8