**Joan PICKENS, Respondent,**

v.

**Reginald BROWN, Appellant.**

No. WD 63522.

Missouri Court of Appeals,
Western District.

Oct. 26, 2004.

Brice R. Taylor, Kansas City, for Appellant.

John L. Williams, Kansas City, for Respondent.

PAUL M. SPINDEN, Judge.

Reginald Brown appeals the circuit court's judgment denying his request to terminate his obligation to pay child support to his son, Matthieu Pickens. Brown contends that his son did not complete at least 12 credit hours at the University of Missouri–Columbia during the 2002 fall semester. Among Pickens' apparent problems with his studies was that he suffered attention deficit hyperactivity disorder (ADHD), but he did not take medication prescribed by physicians to control the disorder and did not inform the university of the disorder and his need for accommodations. The circuit court found that manifest circumstances beyond Pickens' control prevented him from successfully completing several courses at the university and ordered Brown to continue to pay child support. We affirm the circuit court's judgment.

Physicians diagnosed Pickens in 1995 as suffering ADHD and prescribed medication. He received special education and an Individual Education Plan accommodation under the Individual with Disabilities Education Act in middle school and high school. His grades improved in high school, and he received no failing grades.

During fall 2002, Pickens enrolled in 13 credit hours at UMC. Because of his grade improvement in high school, Pickens decided unilaterally that he did not need accommodations at the university for his ADHD. He was unaware of what accommodations the university offered. Moreover, although he said that he did the best he could, Pickens said that he would forget to take his ADHD medicine two or three times during the school week. At the completion of the fall semester, Pickens received credit for only five of the 13 credit hours and had a grade point average of 0.462.

■ On February 3, 2003, Brown asked the circuit court to terminate his obligation to pay child support to Pickens because Pickens had failed to complete at least 12 credit hours of study at the university as

required by § 452.340.5, RSMo 2000. Brown appeals the circuit court's judgment that manifest circumstances beyond Pickens' control prevented him from successfully completing at least 12 credit hours at the university and that Brown's child support obligation should continue.

Brown contends that Pickens' ADHD was not a circumstance beyond his control that caused him to fail all but five credit hours at the university. Brown asserts that Pickens failed to complete the required amount of credit hours because he chose not to take his medication for ADHD and chose not to request reasonable accommodations from the university.

Section 452.340 provides:

3. Unless the circumstances of the child manifestly dictate otherwise and the court specifically so provides, the obligation of a parent to make child support payments shall terminate when the child:

. . . .

(5) Reaches age eighteen, unless the provisions of subsection 4 or 5 of this section apply[.]

. . . .

5. If when a child reaches age eighteen, the child is enrolled in and attending a secondary school program of instruction, the parental support obligation shall continue, if the child continues to attend and progresses toward completion of said program, until the child completes such program or reaches age twenty-one, whichever first occurs. If the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school or completion of a graduation equivalence degree program and so long as the child enrolls for and completes at least twelve hours of credit each semester, not including the summer semester, at an institution of vocational or higher education and achieves grades sufficient to reenroll at such institution, the parental support obligation shall continue until the child completes his or her education, or until the child reaches the age of twenty-two, whichever first occurs. To remain eligible for such continued parental support, at the beginning of each semester the child shall submit to each parent a transcript or similar official document provided by the institution of vocational or higher education which includes the courses the child is enrolled in and has completed for each term, the grades and credits received for each such course, and an official document from the institution listing the courses which the child is enrolled in for the upcoming term and the number of credits for each such course. If the circumstances of the child manifestly dictate, the court may waive the October first deadline for enrollment required by this subsection. If the child is enrolled in such an institution, the child or parent obligated to pay support may petition the court to amend the order to direct the obligated parent to make the payments directly to the child. As used in this section, an "institution of vocational education" means any postsecondary training or schooling for which the student is assessed a fee and attends classes regularly. "Higher education" means any junior college, community college, college, or university at which the child attends classes regularly. A child who has been diagnosed with a learning disability, or whose physical disability or diagnosed health problem limits the child's ability to carry the number of credit hours prescribed in this subsection, shall remain eligible

for child support so long as such child is enrolled in and attending an institution of vocational or higher education, and the child continues to meet the other requirements of this subsection. A child who is employed at least fifteen hours per week during the semester may take as few as nine credit hours per semester and remain eligible for child support so long as all other requirements of this subsection are complied with.[1]

This section requires a student to receive credit for at least 12 credit hours per semester to avoid being deemed emancipated. *Smith v. White,* 114 S.W.3d 407, 421 (Mo.App.2003); *Lombardo v. Lombardo,* 35 S.W.3d 386, 390–91 (Mo.App.2000). "The failure to satisfy the credit-hour requirement," however, "can be excused if (1) the failure is temporary, (2) the child evidently intended to satisfy the hourly requirement in the very next non-summer semester, and (3) manifest circumstances beyond the child's control prevented the child from satisfying the requirement." *Meuschke v. Jones,* 134 S.W.3d 783, 788 (Mo.App.2004).

Brown does not dispute that Pickens' failure to satisfy the credit-hour requirement was temporary or that Pickens intended to satisfy the credit-hour requirement in the next non-summer semester. The only issue is whether manifest circumstances prevented Pickens from satisfying the credit-hour requirement.

Manifest circumstances include illness, physical disability, financial difficulty, or a parent's refusal to pay child support. *Id.; Kasten v. Frenz,* 109 S.W.3d 210, 213 (Mo.App.2003). "[A] court may base a finding of manifest circumstances on a medical condition of the child or some other external factor that causes the child to be unable, as opposed to unwilling," to

complete the requirements of § 452.340.5. *Harris v. Williams,* 72 S.W.3d 621, 624 (Mo.App.2002). If a situation is within a child's control, the child's failure to complete 12 credit hours of coursework is considered voluntary and does not justify the court's waiving the credit hour requirement. *Meuschke,* 134 S.W.3d at 788. We are to construe the provisions of § 452.340.5 liberally to be consistent with the public policy of promoting the pursuit of higher education. *Perry v. Perry,* 114 S.W.3d 865, 868 (Mo.App.2003).

Brown asserts that Pickens' failure to meet the requirements of § 452.340.5 resulted from Pickens' voluntary choice to discontinue his medication for ADHD and from his willing refusal to request accommodations from the university. In support of his contention, Brown relies on the testimony of Pickens' expert, Dr. David Bennett, chief psychologist for Children's Mercy Hospital, that his "understanding" was that Pickens "voluntarily stopped taking the medication" for ADHD at college. According to Bennett, Pickens "started college thinking [that] he could do it on his own. There [were] two important pieces of treatment for the [ADHD] that weren't in place. One was the medication, which he stopped taking, and the second one had to do with organizational supports."

In determining whether or not manifest circumstances existed, the circuit court, however, was free to believe or disbelieve all, part or none of Bennett's testimony and to accept fully testimony showing that Pickens' failure to take his medication was the result of his medical condition. *T.B.G. v. C.A.G.,* 772 S.W.2d 653, 654 (Mo. banc 1989). Although Bennett testified that Pickens voluntarily stopped taking his medication, Bennett later explained that Pickens never told him why he stopped taking the medication and that it was "unclear" as to "exactly what was going

---

1.  The emphasis was in the original.

through [Pickens'] mind [in] the fall of 2002." Moreover, Pickens' mother testified that Pickens' ADHD caused him to be absent-minded and unable to follow through on directions. Indeed, Pickens' failure to take his medication is consistent with absent-mindedness. Pickens did not say that he was unwilling to take the medication; he merely said that he would forget to take the medication several times a week. Such circumstances were not within Pickens' control but were a result of his medical condition. Bennett testified that medication and organizational supports or accommodations from the university were necessary for Pickens to be successful at school. Without his medication, Pickens was missing an integral part of his treatment for his ADHD. Pickens' ADHD, therefore, caused Pickens to be unable—as opposed to his being unwilling—to complete at least 12 credit hours at the university.

Although Brown also asserts that Pickens had an obligation to notify the university of his ADHD and to request its accommodations, Bennett testified that medication was an integral part of Pickens' treatment. Hence, without the medication, manifest circumstances beyond Pickens' control prevented him from satisfying the credit hour requirement even with the university's accommodations.

We, therefore, affirm the circuit court's judgment that manifest circumstances beyond Pickens' control prevented him from successfully completing at least 12 credit hours of study at the University of Missouri–Columbia in the fall semester of 2002.

EDWIN H. SMITH, Chief Judge, and JAMES M. SMART, JR., Judge, concur.