**Paula G. COX, Petitioner–Respondent,**

v.

**Lanny C. COX, Respondent–Appellant.**

### No. SD 31255.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 29, 2012.

James L. Thomas, Waynesville, MO, for Appellant.

Kimberly F. Lowe, Waynesville, MO, for Respondent.

JEFFREY W. BATES, J.

Lanny Cox (Father) appeals from a judgment terminating the obligation of Paula Cox (Mother) to pay child support for Lyle Cox (Son). The trial court terminated Mother's child support obligation on the ground that Son was statutorily emancipated due to his failure to complete sufficient credit hours and achieve sufficient grades to reenroll at Missouri State University (MSU). We affirm.

Son was born on July 12, 1989, during the parties' marriage. In August 1998, the parties' marriage was dissolved. When the original dissolution judgment was en-

tered, neither party was ordered to pay child support to the other.

Thereafter, Father and Mother each filed motions to modify the judgment. The modification judgment ordered Mother to pay child support to Father pursuant to the provisions of a joint parenting plan, which the court reviewed, approved and incorporated by reference into the judgment. The joint parenting plan contained the following child support provisions that are relevant to this appeal:

C. **Educational Expenses.** In addition to child support obligations, each parent shall pay 50% of the cost each year for [Son] attending a post-secondary college, university, or vocational-technical school, state or private, subject to the following limitations:

1. The child must comply with all Missouri statutory requirements for the continuation of child support past the child's 18th birthday in effect at the time of the child's 18th birthday in order to qualify for the parents to pay post-secondary educational expenses, including, but not limited to, requirements as to the date post-secondary education must commence, the number of hours of study required and other requirements.

2. The child must also comply throughout the time of attendance at a post-secondary institution with all Missouri statutory requirements for the continuation of child support past the child's 18th birthday and while in an institution of post-secondary education in order to remain eligible for the parents to continue to pay post-secondary educational expenses.

 . . .

5. The child must carry at least the minimum number of credit hours each semester, not including the summer semester, which, according to the institution the child attends, constitutes a full load.

 . . .

7. Neither parent shall be responsible for paying for more than eight semesters at a college or university.

8. This obligation shall terminate when the child reaches age 22 or becomes emancipated, except that if the child turns 22 during or just prior to the seventh or eighth semester, the obligation will continue in order to allow the child to complete the full eight semesters of education. Under no circumstances shall the obligation continue after the child reaches age 23.

Son graduated from high school in 2008. In the fall of 2008, he attended the University of Central Missouri (UCM). He enrolled in seven classes totaling 12 hours of credit at UCM. He received passing grades in all seven classes and received 12 hours of credit for the Fall 2008 semester. His semester grade point average (GPA) was 2.75.

Son then transferred to MSU. During the Spring 2009 semester at MSU, Son enrolled in six classes totaling 14 hours of credit. Son received passing grades in three classes and earned eight hours of credit. He failed two classes which would have provided four credit hours, and he received an "N" in one class which would have provided two hours of credit. His semester GPA was 1.78, and he was placed on academic probation.

During the summer of 2009, Son enrolled in three classes totaling seven hours of credit. He received passing grades in all three classes and earned seven hours of credit. His semester GPA was 1.57. Son continued to be on academic probation.

During the Fall 2009 semester, Son enrolled in four classes totaling 13 hours of

credit. Son received passing grades in three classes and earned 10 hours of credit. He failed one class which would have provided three hours of credit. His semester GPA was 2.30. He was placed on academic suspension.

During the Spring 2010 semester, Son enrolled in five classes totaling 12 hours of credit. He received passing grades in four classes and earned nine hours of credit. He failed one class which would have provided three hours of credit. His semester GPA was 1.51, and he continued to be on academic suspension.

As of June 2010, Son had 38 GPA hours of college credit at MSU, and his cumulative GPA at that institution was 1.79. Son also received 12 hours of transfer credit for the courses he took at UCM. His combined GPA from both universities was 2.02.

On July 15, 2010, MSU adopted a new academic status policy which stated, in relevant part, as follows:

The following policy is effective for the fall 2010 semester and future semesters and applies to undergraduate students based on their undergraduate grade point averages (GPA).*

**Good Standing**

A student who has both a cumulative Missouri State and a combined (Missouri State and transfer) GPA of at least 2.00 is considered to be in good standing. Students not in good standing will be placed on academic probation or suspension.

**Probation**

Any student with a cumulative Missouri State or a combined GPA of less than 2.00 is on probation unless placed on academic suspension (see below). The purpose of academic probation is to remind students that the quality of their cumulative academic work is unsatisfactory. Students on probation must have an advisor release prior to registering for classes....

**Suspension**

A student who enters a semester on academic probation and fails to earn a semester GPA of 2.00 or higher will be suspended.... After an initial suspension, students must remain out for at least one full semester (not including summer) to be eligible for reinstatement. Students who have been suspended two or more times must remain out for at least one full year prior to being eligible for reinstatement.

**Reinstatement**

Reinstatement procedures are determined by the deans and the Office of Admissions. Information regarding the procedure is available from the Office of Admissions. Reinstatement is not an automatic process. Students must be approved for reinstatement by the dean of the college under which they plan to return.

*Students whose last semester of attendance was prior to fall 2010 should refer to the catalog in effect for that semester.*

During the Summer 2010 semester, Son attended Ozarks Technical College (OTC). In July 2010, Mother filed an affidavit requesting that her child support obligation be terminated. *See* § 452.340.11.[1] The affidavit stated that Son failed to achieve sufficient grades to reenroll at MSU and failed to complete at least 12 credit hours per semester at that institution. Father's objection to the termination request brought the issue before the trial court. *See* § 452.340.11(4).

---

1. All references to statutes are to RSMo Cum. Supp. (2010) unless otherwise specified. All references to rules are to Missouri Court Rules (2012).

During the Fall 2010 semester, Son attended Evangel University. In October 2010, a hearing was held on Mother's termination request. At that hearing, the parties' attorneys stipulated that Son was over the age of 18. His transcript from MSU was admitted in evidence. The court made a docket entry abating Mother's child support payments, but it left the record open for Father's attorney to present additional evidence.

In January 2011, the trial court conducted a second hearing on Mother's termination request. Six exhibits were admitted in evidence during the hearing.[2] These exhibits included Son's MSU transcript, the July 2010 MSU Academic Status policy, Son's OTC transcript and his Evangel transcript.

In March 2011, the trial court entered a judgment terminating Mother's child support obligation. The court found, *inter alia*, that Son was statutorily emancipated because: (1) he failed to complete at least 12 hours of credit per semester during the Spring 2009, Fall 2009 and Spring 2010 semesters; and (2) he failed to achieve grades sufficient to reenroll at MSU during the Fall 2010 semester. Father appealed from the judgment and presents three points for decision.

 In this court-tried case, our review is governed by Rule 84.13(d) and the principles set out in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "We must affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law." *Salem United Methodist Church v. Bottorff*, 138 S.W.3d 788, 789–90 (Mo.App.2004). As the party challenging the judgment, Father bears the burden of demonstrating error. *Elrod v. Elrod*, 192 S.W.3d 738, 740 (Mo.App.2006). This Court views the evidence and all reasonable inferences derived therefrom in a light most favorable to the prevailing party; contrary evidence and inferences are disregarded. *Vanderpool v. Vanderpool*, 250 S.W.3d 791, 795 (Mo.App.2008). We also defer to the trial court's determination as to the believability and weight of the evidence presented. *In re Marriage of Dolence*, 231 S.W.3d 331, 333–34 (Mo.App. 2007); *Youngberg v. Youngberg*, 194 S.W.3d 886, 889 (Mo.App.2006). We review the trial court's legal conclusions *de novo*. *Braddy v. Braddy*, 326 S.W.3d 567, 570–71 (Mo.App.2010).

## Point I

In Father's first point, he contends the trial court misapplied the law by concluding that Son was statutorily emancipated. Father argues that: (1) the trial court erroneously believed that it was compelled by the language in § 452.340.5 to terminate Son's child support; (2) Son made extraordinary efforts to pursue a higher education commensurate with his academic abilities; and (3) the trial court's ruling ignored the parties' agreement in the parenting plan to extend the support obligation. We will address each prong of the argument in turn.

"[S]ection 452.340.5 provides for the continuation of child support benefits past the age of eighteen if the child enrolls in an institution of vocational or higher education by the October following their graduation from high school and if certain attendance, academic and notice require-

---

**2.** The actual exhibits used during the hearing were inadvertently lost. Copies of the six exhibits were included in the appendix to Respondent's brief. During oral argument, the parties' attorneys stipulated that the exhibit copies in Respondent's brief were accurate and could be used by this Court in deciding the issues presented by this appeal.

ments are met." *Kreutzer v. Kreutzer,* 147 S.W.3d 173, 177 (Mo.App.2004). Mother bore the burden of proving that Son was emancipated because he failed to comply with these statutory requirements. *See In re Marriage of Noland–Vance,* 344 S.W.3d 233, 238 (Mo.App.2011); *Wilkins v. Wilkins,* 300 S.W.3d 594, 598–99 (Mo. App.2009).

We begin our analysis by examining the language of § 452.340.5 in effect in January 2011, when the claimed emancipation occurred. *See Rozelle v. Rozelle,* 320 S.W.3d 225, 229 (Mo.App.2010). In relevant part, this subsection stated:

> If the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school or completion of a graduation equivalence degree program and so long as the child enrolls for and completes at least twelve hours of credit each semester, not including the summer semester, at an institution of vocational or higher education and achieves grades sufficient to reenroll at such institution, the parental support obligation shall continue until the child completes his or her education, or until the child reaches the age of twenty-one, whichever first occurs.... When enrolled in at least twelve credit hours, if the child receives failing grades in half or more of his or her courseload in any one semester, payment of child support may be terminated and shall not be eligible for reinstatement....

§ 452.340.5.

In *Lombardo v. Lombardo,* 35 S.W.3d 386 (Mo.App.2000), the western district of this Court recognized that a child who did not earn 12 hours of credit per semester (subject to an exception not applicable in that case) was statutorily emancipated. *Id.* at 389–90. The majority opinion reasoned that this 12–credit–hour requirement and the requirement the child achieve sufficient grades to reenroll at such institution were separate and independent statutory obligations. *Id.* at 390. "We believe the statute's second criterion requires a student to earn twelve hours of credit per semester. The third criterion would apply, for example, where a student was earning twelve hours of credits but with a "D-" average. Sooner or later the institution would not invite the student back." *Id.*

In 2005, § 452.340.5 was amended to add the following language: "If the child has pursued a path of continuous attendance and has demonstrated evidence of a plan to continue to do so, the court may enter a judgment abating support for a period of up to five months for any semester in which the child completes at least six but less than twelve credit hours...." 2005 Mo. Laws 1495; § 452.340.5 RSMo Cum.Supp. (2005); *see also Rozelle,* 320 S.W.3d at 229. Thus, the legislature changed the 12–credit hour per semester requirement, but not the requirement that the child achieve grades sufficient to reenroll at such institution.

In 2007, the legislature deleted the abatement language and added the following language to this subsection of the statute: "When enrolled in at least twelve credit hours, if the child receives failing grades in half or more of his or her courseload in any one semester, payment of child support may be terminated and shall not be eligible for reinstatement." 2007 Mo. Laws 735; § 452.340.5 RSMo Cum.Supp. (2007); *see also Rozelle,* 320 S.W.3d at 229. Once again, this amendment focused solely on the student's academic performance during one semester. A child's failure to earn 12 hours of credit no longer resulted in emancipation as a matter of law, as in *Lombardo.* Instead, the trial judge was given the discretion to terminate child sup-

port if the child received failing grades in half or more of his or her courseload in one semester. *Rozelle,* 320 S.W.3d at 229. Just as in 2005, however, the legislature made no change to the additional statutory requirement that the child achieve grades sufficient to reenroll at such institution.

Father argues that these amendments to § 452.340.5 demonstrate that the trial court misapplied the law in terminating Mother's child support obligation. Citing *Rozelle,* Father argues that the trial court was required to continue Mother's child support obligation, despite Son's academic struggles. We disagree.

In *Rozelle,* student Brandon failed to earn at least 12 hours of credit during three of his first four semesters in college. Based upon those facts, the father filed an affidavit for termination of child support, which the trial court denied. *Rozelle,* 320 S.W.3d at 227–28. The only issue in *Rozelle* was whether the student's failure to receive at least 12 hours of credit each semester resulted in his emancipation. The eastern district of this Court held that the 2007 amendment to § 452.340.5 had effectively abrogated earlier appellate decisions holding that a child had to earn at least 12 hours of credit each semester to remain eligible for child support. *Id.* at 228–29.

As noted above, the 2007 amendment to § 452.340.5 made no changes to that part

of the statute which also requires the child to achieve "grades sufficient to reenroll at such institution...." There is nothing in the *Rozelle* opinion to suggest that Brandon failed to achieve grades sufficient to reenroll at the college he was attending, and *Rozelle* does not address that requirement in § 452.340.5. Accordingly, *Rozelle* is factually distinguishable from the case at bar.

Here, the trial court made a specific factual finding that Son failed to achieve grades sufficient to reenroll at MSU for the Fall 2010 semester. That finding is fully supported by the evidence.[3] None of Father's points contend otherwise. The first prong of Father's argument has no merit.

 Father next argues that Son made extraordinary efforts to pursue a higher education commensurate with his academic abilities, and the trial court's ruling ignores Missouri's public policy of promoting higher education. We agree with Father that "[w]e are to construe the provisions of § 452:340.5 liberally to be consistent with the public policy of promoting the pursuit of higher education." *Pickens v. Brown,* 147 S.W.3d 89, 92 (Mo.App. 2004). There is no room for construction, however, when the language of a statute is clear and unambiguous. *Wolff Shoe Co. v. Dir. of Revenue,* 762 S.W.2d 29, 31 (Mo.

---

3. The trial court was not presented with any evidence concerning the academic status policy in effect at MSU for any semester prior to Fall 2010. According to Son's transcript, however, he was on academic probation during the Spring 2009 and Summer 2009 semesters. He was on academic suspension during the Fall 2009 and Spring 2010 semesters. Son's semester GPA for Spring 2010 semester was 1.51. Pursuant to the newly adopted MSU academic status policy, he was not in good standing as of July 15, 2010, because he had a cumulative MSU GPA of 1.79. Since Son had already been on aca-

demic probation for two semesters and academic suspension for two semesters, the trial court reasonably could infer that Son would be treated as suspended under the new policy and could not attend MSU during the Fall 2010 semester. The reasonableness of that inference is supported by the undisputed evidence that Son attended OTC during the Summer 2010 semester and Evangel during the Fall 2010 semester. Therefore, the trial court also could reasonably find that Son failed to achieve "grades sufficient to reenroll at such institution ...." § 452.340.5.

banc 1988). As noted above, the plain and unambiguous language of § 452.340.5 required Son to achieve grades sufficient to reenroll at MSU for the Fall 2010 semester in order to remain eligible for continued child support. Accordingly, the statute "requires no construction, liberal or otherwise." *Matter of Bloomer's Estate,* 620 S.W.2d 365, 367 (Mo. banc 1981). The second prong of Father's argument has no merit.

Father's third argument is that the trial court's ruling ignored the parties' agreement in the parenting plan to extend the support obligation beyond the statutory period. This argument lacks merit because it ignores the relevant language of the parenting plan. Paragraph 2 conditions Mother's obligation to pay Son's post-secondary educational expenses on his continued compliance "with all Missouri statutory requirements for the continuation of child support past the child's 18th birthday and while in an institution of post-secondary education...." Paragraph 8 similarly states the Mother's obligation terminates if Son "becomes emancipated...." For all of the foregoing reasons, Father's first point is denied.

### Points II and III

Father's second point reiterates his assertion that the obligations he and Mother assumed in the parenting plan were independent of § 452.340.5 and could not be terminated by the trial court due to Son's noncompliance with that subsection of the statute. Father's third point reiterates his assertion that the trial court's ruling violated Missouri's public policy of promoting higher education because Son was actively pursuing his college education. Because we have addressed these arguments in Point I, no further discussion is required. Points II and III are denied.

The judgment of the trial court is affirmed.

ROBERT S. BARNEY, J., and DANIEL E. SCOTT, J., concur.