

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| TRACY M. ATKINSON, | ) | No. ED99492 |
| | ) | |
| Respondent, | ) | |
| | ) | Appeal from the Circuit Court |
| v. | ) | of St. Charles County |
| | ) | |
| DOUGLAS D. ATKINSON, | ) | Hon. Richard K. Zerr |
| | ) | |
| Appellant. | ) | FILED:   March 4, 2014 |

Douglas Atkinson (Father) appeals the trial court's judgment in favor of his former spouse, Tracy Dinella (formerly Atkinson) (Mother), on his motion to terminate child support for their daughter in college (Daughter).  We reverse and remand.

## Background

The trial court entered its original judgment and decree of dissolution in 2001. Pursuant to the parties' settlement agreement, the court awarded joint legal custody of Daughter (then age 9).  Husband was ordered to pay child support.  From 2004 to 2006, the parties litigated various motions and judgments to modify financial awards.  As pertinent here, at the time of Father's present motion, existing judgments ordered him to pay child support of $150 per month plus half of all educational expenses not exceeding in-state tuition at the University of Missouri.

Daughter graduated from high school in May 2010, moved to Warrensburg, began working part-time at her aunt's salon, and entered college at the University of Central Missouri that August.  After her freshman year (summer 2011), Daughter moved into an apartment, and

Father agreed to pay $250 per month for her rent and living expenses addition to the court-ordered $150 per month in child support. Father paid these amounts directly to Daughter. Mother provided Father with a copy of Daughter's class schedule and tuition bill before each semester. Father had access to Daughter's transcripts through the university's online portal.

Daughter enrolled in 12 credit hours for her sophomore year (2011-2012). At the beginning of that fall semester, on August 26, 2011, Daughter was arrested for driving while intoxicated. Shortly after her release, she overdosed on acetaminophen and cold medicine, which she regurgitated and metabolized without medical intervention. When she informed Mother of these events, Mother insisted that Daughter meet with Mother's therapist in St. Louis the following weekend. Mother, her husband, and Daughter met with Nancy Wiseman, a licensed clinical social worker, for approximately 70 minutes to discuss Daughter's recent actions, and Daughter was urged to join Alcoholics Anonymous and seek psychological counseling. Wiseman would later testify that, although Daughter exhibited some symptoms of depression, Wiseman did not make a formal diagnosis and did not see Daughter's overdose as a serious suicide attempt.

In the following weeks, Daughter continued to work part-time at her aunt's salon but withdrew from two of her fall classes (after the tuition reimbursement deadline), thereby reducing her course load to eight credit hours. Father learned of Daughter's DWI and class withdrawals sometime in late November or early December 2011, prompting him to cease monthly payments and file an affidavit for termination of child support based on Daughter's failure to maintain at least nine credit hours while working part-time, as required by §452.340.5. When Daughter learned of the affidavit, she changed her password to the university portal to thwart Father's access. At trial, Father would concede that his relationship with Daughter was

2

strained and he never contacted her directly to obtain the new password, but regardless he was unable to access Daughter's records after November 2011.[1] Following his affidavit in December, in January 2012 he filed a motion to terminate support based on not only Daughter's emancipation by virtue of her reduced course load but also her failure to provide Father with her transcripts, each as required by §452.340.5. Mother filed a cross-motion for contempt based on Father's suspension of payments. Both parties sought recovery of their respective legal fees.

At trial, Mother sought to rebut Daughter's emancipation under §452.340.5 by invoking the exception for diagnosed health problems, citing Daughter's alleged depression following the DWI. Mother adduced the deposition of Nancy Wiseman, who testified that, although she didn't undertake a formal diagnosis, Daughter exhibited some symptoms of depression. To disprove that claim, Father offered evidence of Daughter's drinking and "partying" at college both during and after the fall 2011 semester. The trial court excluded his evidence as irrelevant but allowed Father to make an offer of proof depicting Daughter's exploits on social media.

The trial court heard two days of testimony and ultimately denied Father's motion for termination and ordered him to pay all amounts owed for Daughter's fall semester. Specifically, the court found that Daughter suffered from depression and was therefore excused from carrying the statutory minimum of nine credit hours. The court also deemed Father in arrears for $150 per month in child support, $250 per month by the parties' private agreement, and certain additional amounts for tuition, for a total of $8,765. Father appeals, asserting four points of error: (1) Father's agreement to pay $250 per month for living expenses was between the parties and not a judgment and hence not enforceable by the court; (2) Father's support obligation terminated when Daughter (a) became emancipated by reducing her course load below nine hours, and she

---

[1] Mother's answer to interrogatories supplied an incorrect password, and an impromptu attempt at trial using the purportedly correct password was unsuccessful.

was not *diagnosed* with depression as required for the statutory exception to apply and/or (b) failed to provide Father access to her academic records by changing the portal password; (3) evidence of Daughter's social activity was relevant to rebut the claim of depression; and (4) Father is entitled to an award of attorney fees under §452.375.7 due to Mother's failure to keep him apprised of Daughter's health, education, and welfare. Mother cross-appeals asserting that the trial court erred in denying her motion for attorney fees.

## Standard of Review

On appeal, the trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Jansen v. Westrich, 95 S.W.3d 214, 217-18 (Mo. App. 2003), citing Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976).

## Discussion

Emancipation

We begin with Father's second point, as it resolves the first three. Father contends that the trial court erred in denying his motion to terminate child support because Daughter became emancipated when she reduced her course load to eight credit hours. Section 452.340.5 provides for the continuation of child support after age 18 up to age 21 so long as the child remains enrolled in college, either full-time with a minimum of 12 hours or part-time with a minimum of nine hours *plus* employment of 15 hours per week. Daughter ceased to satisfy this condition when she dropped two classes in October 2011. However, the statute provides an exception to the nine-hour minimum when a child's "diagnosed health problem limits the child's ability to carry the [requisite] number of credit hours." §452.340.5. The trial court specifically found that Daughter was diagnosed with depression after her DWI, thereby excusing her full compliance

4

with the statute, so Father remained liable for child support for that semester. Mindful of our standard of review on matters of fact, after careful review of the full record, we find no substantial evidence to support the trial court's finding that Daughter was diagnosed with depression. The only evidence presented on this issue consisted of Nancy Wiseman's deposition testimony, in which she specifically denied making any formal diagnosis:

Q: Did you diagnose her with depression pursuant to the DSM diagnostic criteria?

A: I did not diagnose her with depression on that date. She meets the criteria for depression on September 5th, 2011.

Q: Well, doesn't the diagnostic criteria require a minimum of ten hours of individual therapy or counseling time prior to making a diagnosis of depression?

A: And, as you know, I did not diagnose her with depression. She met the criteria. She did not continue coming in to see me, did she?

Q: But in order to meet the criteria for depression, you need to have ---

A: Enough time with them.

Q: … There's a big distinction between "she looked like she might be depressed" and "she is diagnosed as depressed." Okay? And after a 70-minute session, there's a distinction. Can you say that she was more like she looked like she might be depressed, or can you say she's diagnosed as depressed?

A: I cannot say I diagnosed her with depression.

When interpreting a statute, this court must determine the intent of the legislature, giving the language its plain and ordinary meaning, and giving meaning to each word. Waddington v. Cox, 247 S.W.3d 567, 570 (Mo. App. E.D. 2008). Each word in a statute is presumed to have meaning, and any interpretation rendering language superfluous is not favored. White v. White, 293 S.W.3d 1, 9 (Mo. App. W.D. 2009). The foregoing principles dictate that a child's health problem be *diagnosed* in order to invoke the statutory exemption, and the record before us belies

the trial court's finding that Daughter was diagnosed with depression. *Compare* <u>Pickens v. Brown</u>, 147 S.W.3d 89 (Mo. App. W.D. 2004) (child diagnosed with ADHD excused from statutory requirement). Absent a diagnosed health problem excusing Daughter's failure to maintain the statutory requirements, Father's support obligation terminated in October 2011 when Daughter's course load fell below nine hours. Father's point II is granted, rendering moot his points I and III.

<u>Attorney Fees</u>

For his fourth point, Father asserts that the trial court erred in denying his request for attorney fees because the award is mandatory under §452.375.7 when one parent refuses to share information about the child's health, education, and welfare. Specifically, the statute entitles a parent to recover costs associated with obtaining the information being withheld. Father claims that his legal fees, which exceeded $20,000 before this appeal, were necessary to obtain information about Daughter's academic status (through the university portal) and about her mental health care (from Nancy Wiseman).

The trial court found, and the record confirms, that Daughter has chosen to exclude Father from her life. Daughter did not inform Father about the events of the fall 2011. Daughter changed her portal password to block his access to her records. It is not apparent, however, that Daughter's obstructive behavior can be imputed to Mother for purposes of shifting attorney fees. The information-sharing responsibility of §452.340.5 rest with the *child*, and clearly Daughter shirked hers in this regard. But Mother maintained communication with Father via email and sent him Daughter's schedule each semester purportedly "to be nice" and to serve as "back-up" to Daughter's omissions (and to prompt his payment, to be sure). While the record reveals certain omissions or oversights during the discovery process (*e.g.*, the password, Daughter's W-

6

2s), we cannot say that Mother "*refused* to exchange information" as contemplated under §452.375 or that her conduct was so egregious as to warrant an award of attorney fees. Father's fourth point is therefore denied. However, as Father is ultimately the prevailing party on the central issue before the trial court, Mother's cross-appeal for attorney fees is also denied.

## Conclusion

Father's child support obligation terminated in October 2011 when Daughter ceased to satisfy the requirements of §452.340.5. The trial court's judgment is reversed and the case is remanded to permit the court to calculate Father's recoupment, with interest, and to enter judgment accordingly.

_____
CLIFFORD H. AHRENS, Judge

Roy L. Richter, P.J., concurs.
Glenn A. Norton, J., concurs.