NOT DESIGNATED FOR PUBLICATION

No. 122,080

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CRYSTAL M. DANIELS,
*Appellee,*

v.

MWENDALUBI YASA,
*Appellant.*

MEMORANDUM OPINION

Appeal from Harvey District Court, STEPHEN A. HILGERS, magistrate judge. Opinion filed December 3, 2021. Affirmed in part, reversed in part, vacated in part, and remanded with directions.

*Stacey S. Stranathan*, of Stranathan Law, LLC, of Leawood, for appellant.

No appearance by appellee.

Before MALONE, P.J., POWELL and CLINE, JJ.

POWELL, J.: Mwendalubi Yasa and Crystal Daniels divorced in 2001 in Jackson County, Missouri. As a part of the divorce decree, Yasa was ordered to continue to pay child support and to pay half of the educational and medical expenses for their son, Joshua, after he graduated high school if Joshua met certain conditions imposed by Missouri law. However, these obligations were not satisfied as Joshua failed to satisfy Missouri's college enrollment, performance, and reporting requirements. After discovering Joshua's failure to meet these statutory requirements entitling him to receive continued child support, Yasa sought termination of his child support obligation and for reimbursement of overpaid amounts.

After an evidentiary hearing, the district court determined that Yasa's support obligations terminated effective October 1, 2018, due to Joshua's failure to satisfy Missouri's statutory requirements to continue receiving child support after graduation from high school. However, the district court refused to order any refunds or offsets against amounts owed. Yasa now appeals, claiming his child support should have ended upon Joshua's graduation from high school in May 2016 and he is entitled to a refund for overpaid amounts.

After a studied review of Missouri law and the record before us, we agree that Yasa's child support obligation ended upon Joshua's graduation from high school as Joshua failed to comply with the requirements of Missouri law entitling him to child support after that time. We also agree with Yasa that he is entitled to a refund, plus interest, of any child support payments he made after Joshua's emancipation, which—according to our reading of Missouri law—did not occur as a matter of law until Joshua's college informed him that he was not eligible to reenroll. Additionally, we find the child support judgment against him for amounts he allegedly owed after Joshua's graduation should be vacated and a credit equaling the amounts he wrongly paid be issued against any arrearages he may owe. Thus, we affirm in part, reverse in part, vacate in part, and remand for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

When Yasa and Daniels divorced in 2001, a Missouri court entered a Judgment of Dissolution of Marriage which equitably divided the parties' property and determined custody and parenting time for Joshua, a minor child at that time. The divorce decree included an order for child support that required Yasa to pay Joshua's educational expenses even after reaching the age of majority, so long as Joshua met specific statutory requirements required by Missouri law. The relevant portion of the order provides:

2

"[Yasa] shall pay to [Daniels] the sum of five hundred ninety-six dollars and forty cents ($596.40) per month as and for child support for said minor child, beginning December 1st, 2001, and until such time as that child dies, becomes emancipated, reaches the age of 18 or graduates from a secondary school, whichever later occurs. *Pursuant to § 452.340(5) RSMo., if the child is enrolled in an institution of vocational or higher education no later than October first following graduation from a secondary school and so long as the child continued to attend such institution, the support obligation shall continue until the child completes his education or reaches age 22, whichever first occurs*." (Emphasis added.)

The divorce decree also states:

"<u>College</u>:  [Daniels] shall pay fifty percent and [Yasa] shall pay fifty percent of the actual expenses for tuition; room and board, including a meal ticket at the institution attended by the child; and fees, reduced by scholarships, grants, stipends and other cost reducing programs.

"However, if the child resides outside the dormitory, the parent's obligation for room and board should be limited to the cost based on the resident dormitory fee plus full meal ticket at that institution.

"The college expenses should be paid so long as the child provides proper statutory notice of the classes enrolled in and grades to both parents each semester and carries the minimum required number of credits, or the child turns age 22, or is otherwise emancipated."

The divorce decree also contained a provision for noncovered medical expenses for Joshua:

"<u>Non-covered Costs</u>:  [Daniels] shall pay fifty percent and [Yasa] shall pay fifty percent of the cost, expense or charges for all medical, dental, orthodontic, endodontic, prescription, optical, psychological, nursing, counseling and other health care expenses incurred by or on behalf of the child to the extent that such 'medical costs' are actually incurred and are not fully covered or not fully paid or reimbursed by the health benefit plan."

After the divorce, Daniels registered the Missouri child support order in Texas where she was living. In 2009, she filed the Missouri child support order in the Harvey County District Court, as Yasa was a resident of Harvey County, and in July 2009, the district court confirmed the registration of this foreign support order.

Joshua turned 18 years old in November 2015; however, Yasa's support obligations continued because Joshua did not graduate high school until May 2016. Joshua then enrolled in college for the Fall 2016 semester.

In August 2017, the Kansas Department for Children and Families (DCF) filed a Motion for Modification of Child Support on behalf of the State of Texas and Daniels, arguing a material change in circumstances justified the modification. In November 2017, DCF filed a Motion for a Medical and Educational Expense Judgment.

On December 14, 2017, the district court entered an order modifying support. The district court found there had been a material change of circumstances sufficient to justify a modification of child support and ordered Yasa to pay $2,315 monthly, effective September 1, 2017. On December 28, 2017, the district court entered a journal entry of judgment ordering Yasa to pay his portion of unpaid past noncovered medical expenses and educational expenses. These obligations totaled $2,490.88 for the medical expenses and $10,000 for Joshua's educational expenses, for a total judgment of $12,490.88.

Yasa subsequently sought a new trial concerning the medical and educational expense judgment, but before the district court ruled on that motion, Yasa filed on April 28, 2018, a Motion to Set Aside Judgement; Motion for Termination of Child Support; Motion for Reimbursement of Child Support; and Motion for Repayment of Withheld Wages. In that motion, Yasa argued that under Missouri's child support statute, Mo. Rev. Stat. § 452.340.5 (2016 Supp.), Joshua was no longer entitled to receive child support from him because Joshua had failed to meet the statute's college enrollment,

4

performance, and reporting requirements. This statute essentially mandates that for a child support obligation to continue after a child has reached the age of majority and has graduated from high school, that child must be enrolled in and complete 12 credit hours a semester and achieve grades sufficient to reenroll at the institution. The statute also mandates reporting certain enrollment and grade information to parents every semester.

Yasa's motion alleged that for the Fall 2016 semester, Joshua completed only 10 credit hours and he was not eligible to reenroll at the college after the Fall 2017 semester because of his academic performance. Yasa further argued that because Joshua did not meet the statutory requirements for continued support, he became emancipated beginning in June 2016, the month after his high school graduation, meaning Yasa's child support obligations should have ceased then.

On August 21, 2018, the district court held a new trial on all matters previously heard, partly because there purportedly had been an equipment malfunction at the first trial in December 2017 and no recording of that trial had been made.

Yasa argued and presented evidence that Joshua and Daniels had failed to comply with the Missouri statutory requirements for the continuation of child support after Joshua's graduation from high school—its academic, enrollment, and reporting requirements. The evidence revealed that for each of the four semesters Joshua attended college he failed to satisfy at least one condition required for compliance with the Missouri statute. In Fall 2016, Joshua did not complete enough credit hours or provide Yasa with the required documentation. In Spring 2017, Joshua did not supply Yasa with the required documentation. In Fall 2017, Joshua did not complete enough credit hours, did not achieve satisfactory academic performance, and did not provide Yasa with the required documentation. In Spring 2018, Joshua did not achieve sufficient academic progress and did not supply Yasa with the required documentation.

Given Joshua's failure to comply with the statutory requirements entitling him to continued child support, Yasa argued Joshua should be deemed emancipated following his graduation from high school. Yasa also argued that because neither Daniels nor Joshua properly reported to him Joshua's college enrollment and performance, he was entitled to a refund of all child support paid after Joshua's high school graduation, plus interest, and that any arrears should be erased.

Subsequently, on October 2, 2018, the district court issued its written decision, which stated:

> "It is the decision of this Court, after having reviewed all of the evidence presented by both parties, and the case law submitted by all parties, and after hearing the testimony, finds that child support should end effective October 1, 2018.
> "The petitioner in this case [Daniels], as well as the child of the two parties had duties that they failed to perform, regarding keeping [Yasa] advised of the status of the child and his education. Based on these failures, the child support ends. All monies collected regarding medical expenses paid by [Yasa] will be given to [Daniels].
> "There will be no attorney's fees awarded, each party is to pay their own attorney.
> "[Yasa's] attorney [is] to prepare Journal Entry consistent with this ruling."

The parties were unable to agree on the wording for the journal entry, so after another hearing, a journal entry was filed on May 1, 2019. It states in relevant part:

> "After having reviewed all of the evidence presented by both parties, and the case law submitted by all parties, and after hearing the testimony, the Court finds and orders:
> "1. Both the Petitioner [Daniels] in this case and the child of the two parties had duties that they failed to perform. They failed to provide the required notice to the Respondent [Yasa] with regard to the status of the child and his education. Based on these failures, the child support ends effective October 1, 2018.
> "2. All monies collected regarding medical expenses of $2,490.84 and college expenses of $10,000 paid by the Respondent will be given to the Petitioner [Daniels].

6

"3. No attorney's fees are awarded. Each party is to pay their own attorney."

Yasa subsequently filed a Motion to Amend the Judgment and a Motion for Amended or Additional Findings. The district court conducted a hearing on Yasa's motion by telephone, a record of which was not made. On August 7, 2019, the district court entered the "Journal Entry and Additional Findings of Fact for Journal Entry Entered May 1, 2019." That journal entry states in relevant part:

"After having reviewed the Motions filed, the evidence presented by all parties, the case law submitted by all parties, and after hearing the testimony, the Court finds and orders:

"1. The Motion for Amended or Additional Findings is granted. The Court hereby makes the following additional findings to the Judgment entered on May 1, 2019.

"a. The child, Joshua Yasa, never attended a full semester of college.

"b. Both Petitioner [Daniels] and the child, Joshua Yasa, failed to provide the notice required under the Missouri child support statute (RSMo 452.340) for any semester. They had a duty to provide proof of enrollment and Joshua Yasa's grades to Respondent [Yasa] each semester in order to prove that he took and passed the proper number of hours. They failed to provide this information to Respondent [Yasa].

"2. The Motion to Amend the Judgment is denied. The Court applied Kansas law with regard to past child support and finds that the Respondent [Yasa] is not entitled to a refund of any child support paid or a reduction of any arrears prior to the filing date of his motions in this case. The judgement for medical and college expenses will not be reduced."

Yasa timely appeals.

DID THE DISTRICT COURT ERR IN ITS RESOLUTION OF

YASA'S MOTION FOR TERMINATION OF AND REIMBURSEMENT FOR CHILD SUPPORT?

On appeal, Yasa advances four points of error by the district court. Yasa argues the district court erred: (1) by ordering that his child support obligations should end October 1, 2018, rather than the date of Joshua's emancipation upon his graduation from high school; (2) in determining that he was not entitled to a refund, with interest, of any child support paid after Joshua's emancipation; (3) in refusing to reduce the judgment for medical and educational expenses that accrued after Joshua's emancipation; and (4) in determining that he is not entitled to a reduction of child support arrears that accrued following Joshua's emancipation but prior to the filing of Yasa's motion. Daniels did not file a brief in response.

Resolution of this case involves the interpretation of certain provisions of Kansas' version of the Uniform Interstate Family Support Act (UIFSA), K.S.A. 23-36,101 et seq., as well as Missouri law. Statutory interpretation presents a question of law over which we exercise unlimited review. *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019).

A.    *The district court had the authority to enforce and modify the Missouri child support order.*

K.S.A. 2020 Supp. 23-36,603(b) provides that "[a] registered support order issued in another state or a foreign country is enforceable in the same manner and is subject to the same procedures as an order issued by a tribunal of this state." Here, there is no dispute that the Missouri order was properly registered in Kansas.

Moreover, under K.S.A. 2020 Supp. 23-36,603(c), "[e]xcept as otherwise provided in this act, a tribunal of this state shall recognize and enforce, but may *not* modify, a

registered support order if the issuing tribunal had jurisdiction." (Emphasis added.) A motion for termination of child support obligations is akin to a motion for modification of child support. See *In re Marriage of Doetzl*, 31 Kan. App. 2d 331, 332-34, 65 P.3d 539 (2003). For a Kansas court to have jurisdiction to modify the order of child support from another state, K.S.A. 2020 Supp. 23-36,611 must be satisfied. That statute provides, in part:

> "(a) If K.S.A. 23-36,613, and amendments thereto, does not apply, upon petition a tribunal of this state may modify a child support order issued in another state which is registered in this state if, after notice and hearing the tribunal finds that:
>     (1) The following requirements are met:
>     (A) Neither the child, nor the obligee who is an individual, nor the obligor resides in the issuing state;
>     (B) a petitioner who is a nonresident of this state seeks modification; and
>     (C) the respondent is subject to the personal jurisdiction of the tribunal of this state; or
>     (2) this state is the state of residence of the child, or a party who is an individual is subject to the personal jurisdiction of the tribunal of this state, and all of the parties who are individuals have filed consents in a record in the issuing tribunal for a tribunal of this state to modify the support order and assume continuing, exclusive jurisdiction."

As not all the parties reside in Kansas, K.S.A. 2020 Supp. 23-36,613 is inapplicable. Because none of the parties reside in Missouri; because DCF petitioned the district court for modification of child support on behalf of Daniels, who is a nonresident of Kansas and a resident of Texas; and because Yasa, as the respondent, is a resident of Kansas and is subject to the personal jurisdiction of the district court, the district court had jurisdiction to modify the Missouri child support order pursuant to K.S.A. 2020 Supp. 23-36,611(a)(1).

9

B.     *The Missouri child support order was modifiable according to Missouri law.*

However, the district court's authority to modify the Missouri order has limits. "A tribunal of this state may not modify any aspect of a child support order that may not be modified under the law of the issuing state, including the duration of the obligation of support." K.S.A. 2020 Supp. 23-36,611(c); see also *Doetzl,* 31 Kan. App. 2d at 336 (duration of Missouri child support order determined by Missouri law). Thus, for Yasa's child support obligation to be terminated as he requests, it must be terminable according to Missouri law.

Under Missouri law, a parent's child support obligation ends when a child reaches the age of 18 or when the child graduates from high school, whichever occurs later. Mo. Rev. Stat. § 452.340.3(5). However, Mo. Rev. Stat. § 452.340.5 provides that if

> "the child is enrolled in and attending a secondary school program of instruction, the parental support obligation shall continue, if the child continues to attend and progresses toward completion of said program, until the child completes such program or reaches age twenty-one, whichever first occurs. If the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school or completion of a graduation equivalence degree program and so long as the child enrolls for and completes at least twelve hours of credit each semester, not including the summer semester, at an institution of vocational or higher education and achieves grades sufficient to reenroll at such institution, the parental support obligation shall continue until the child completes his or her education, or until the child reaches the age of twenty-one, whichever first occurs."

Termination of the requirement to continue to pay child support under Mo. Rev. Stat. § 452.340.5 only occurs where the trial court finds that the statutory prerequisites have not been met. See *Kessinger v. Kessinger*, 829 S.W.2d 658, 660 (Mo. App. 1992). To the extent that a child complies with the statutory preconditions for subsequent terms

10

or semesters, that child remains eligible for parental support until he or she completes his or her college education or reaches the statutory age of emancipation, whichever occurs first. *Lyons v. Sloop*, 40 S.W.3d 1, 8 (Mo. App. 2001); see also *In re Marriage of Riggle*, 30 Kan. App. 2d 967, 976, 52 P.3d 360 (2002) (language of Missouri statute requires continued child support until child completes college education or reaches the statutory age of emancipation). The statute's provisions are to be liberally construed to promote the pursuit of higher education. *Pickens v. Brown*, 147 S.W.3d 89, 92 (Mo. App. 2004). Yasa bears the burden of proving that Joshua failed to meet the statutory requirements for continuing support. See *Cox v. Cox*, 384 S.W.3d 298, 303 (Mo. App. 2012).

Missouri law also imposes reporting requirements on the child. *Halper v. Halper*, 604 S.W.3d 904, 910-11 (Mo. App. 2020). Specifically,

> "To remain eligible for such continued parental support, at the beginning of each semester the child shall submit to each parent a transcript or similar official document provided by the institution of vocational or higher education which includes the courses the child is enrolled in and has completed for each term, the grades and credits received for each such course, and an official document from the institution listing the courses which the child is enrolled in for the upcoming term and the number of credits for each such course. When enrolled in at least twelve credit hours, if the child receives failing grades in half or more of his or her courseload in any one semester, payment of child support may be terminated and shall not be eligible for reinstatement. Upon request for notification of the child's grades by the noncustodial parent, the child shall produce the required documents to the noncustodial parent within thirty days of receipt of grades from the education institution. If the child fails to produce the required documents, payment of child support may terminate without the accrual of any child support arrearage and shall not be eligible for reinstatement." Mo. Rev. Stat. § 452.340.5.

The above quoted provision contains two main reporting requirements. First, the child must submit documentation at the beginning of each semester in order to retain the right to child support. *Henderson v. Dept. of Social Services*, 626 S.W.3d 267, 271 (Mo.

App. 2021). For a child's first semester, such reporting need merely be proof of enrollment. *Brown v. Brown*, 370 S.W.3d 684, 688 (Mo. App. 2012). Second, the child must provide grades upon request of the noncustodial parent, but "a parent's failure to request a child's academic record does not excuse the child from their responsibility to provide notification of their college enrollment and timely provide the required documentation." *Halper*, 604 S.W.3d at 911. "The notification requirements of Section 452.340.5 serve to notify the noncustodial parent of a child's enrollment and 'insure that their children are using [their] child support payments to actually obtain a college education.' *Schubert v. Schubert*, 366 S.W. 3d 55, 67 (Mo. App. 2012)." 604 S.W. 3d at 911.

"If a student fails to comply with the notification requirements for a given semester, section 452.340.5 functions to relieve the obligated parent from paying support for that semester." *Shands v. Shands*, 237 S.W.3d 597, 602 (Mo. App. 2007). However, such failure in a given semester does not necessarily terminate support for other semesters. Child support is merely abated on a semester-by-semester basis. 237 S.W.3d at 602. A failure to provide grades upon request makes child support terminable at the discretion of the trial court. *Halper*, 604 S.W.3d at 911. Any failure to satisfy the reporting requirements of Mo. Rev. Stat. § 452.340.5 does not emancipate the child. *Jansen v. Westrich*, 95 S.W.3d 214, 218 (Mo. App. 2003).

The Missouri child support statute's requirements concerning college enrollment, course completion, and grades are less forgiving in some instances. As indicated above, Mo. Rev. Stat. § 452.340.5 requires a child to be enrolled in and complete 12 credit hours each semester (with some exceptions), pass half or more of such classes, and be eligible for reenrollment. For many years, Missouri's appellate courts held that a child's failure to complete 12 credit hours in a semester, subject to some exceptions, statutorily emancipated the child. See *Lombardo v. Lombardo*, 35 S.W.3d 386, 390 (Mo. App. 2000). With subsequent statutory amendments making child support termination

12

discretionary, this view has changed. Given Missouri's policy of promoting higher education, regardless of a child's academic struggles, a child's failure to complete 12 credit hours in a particular semester does not always require termination of child support. *Rozelle v. Rozelle*, 320 S.W.3d 225, 229-30 (Mo. App. 2010); see also *Cox*, 384 S.W.3d at 303 (failure to earn 12 hours of credit no longer results in emancipation). But see *Atkinson v. Atkinson*, 423 S.W.3d 322, 326 (Mo. App. 2014) (child support terminated when child's course load fell below required credit hours). Termination of child support is also discretionary when a child receives failing grades in half or more of the child's classes. *Cox*, 384 S.W.3d at 303-04; see *Klein v. Klein*, 475 S.W.3d 194, 199 (Mo. App. 2015) (failure to receive passing grade no longer results in emancipation). But such grace does not extend to the statutory requirement that a child's academic performance must be sufficient to allow that child to reenroll in the college. A child's failure in this area results in emancipation as a matter of law. *Cox*, 384 S.W.3d at 304.

C.     *Joshua failed to comply with Missouri law entitling him to child support after high school graduation.*

In the case at hand, there is no factual dispute that Joshua did not meet the academic requirements of Mo. Rev. Stat. § 452.340.5 in the Fall 2016 and 2017 semesters. Further, there is no evidence in the record that Joshua ever contemporaneously supplied Yasa with the required documentation at the beginning of each semester. A table is helpful in determining Joshua's compliance with Mo. Rev. Stat. § 452.340.5 each of the four semesters he attended college.

|  | Fall 2016 | Spring 2017 | Fall 2017 | Spring 2018 |
|---|---|---|---|---|
| Hours Attempted (12 required) | 13 | 17 | 3 | 12 |
| Hours Completed (12 required) | 10 | 15 | 0 | 12 |
| Courseload compliant | No | Yes | No | Yes |
| Passing grades in half of hours completed | Yes 1.8 GPA | Yes 2.2 GPA | No 0.0 GPA | Yes 2.25 GPA |
| GPA compliant | Yes | Yes | No | Yes, but did not meet academic requirements so was dismissed; fails to satisfy 452.340.5 |
| Documentation provided to Yasa | No | No | No; provided after beginning of semester | No |

As this table demonstrates, in each of the four semesters Joshua attended college, he failed to satisfy at least one condition required for compliance with Mo. Rev. Stat. § 452.340.5. In Fall 2016, Joshua did not complete enough credit hours or provide Yasa with the required documentation. In Spring 2017, Joshua did not supply Yasa with the required documentation. In Fall 2017, Joshua did not complete enough credit hours, did not achieve satisfactory academic performance, and did not provide Yasa with the required documentation in a timely manner. In Spring 2018, Joshua did not achieve sufficient academic progress and did not supply Yasa with the required documentation.

Given that Joshua did not meet the requirements of Mo. Rev. Stat. § 452.340.5 after his high school graduation at any point in time, it appears that Yasa is correct that his child support obligation abated or ended upon Joshua's graduation from high school in May 2016, or on June 1, 2016.

14

D.    *Yasa's child support obligation abated beginning June 1, 2016.*

Yasa argues the district court erred in ordering that his child support obligations should end October 1, 2018, rather than the date of Joshua's emancipation upon his graduation from high school. The district court applied Kansas law to determine Yasa's obligations should end on October 1, 2018. We agree with Yasa that the district court should have applied Missouri law. See K.S.A. 2020 Supp. 23-36,604(a)(1). Given our analysis above that Joshua failed to satisfy the reporting and documentation requirements of Mo. Rev. Stat. § 452.340.5, at any point after his graduation from high school, he was not eligible for child support payments to continue for each semester beyond June 1, 2016. As the district court held:

> "Both [Daniels] and the child, Joshua Yasa, failed to provide the notice required under the Missouri child support statute (RSMo 452.340) for any semester. They had a duty to provide proof of enrollment and Joshua Yasa's grades to [Yasa] each semester in order to prove that he took and passed the proper number of hours. They failed to provide this information to [Yasa]."

Again, that statutory provision mandates:  "If the child fails to produce the required documents, payment of child support may terminate without the accrual of any child support arrearage and shall not be eligible for reinstatement." Mo. Rev. Stat. § 452.340.5. Thus, no child support should have been charged to Yasa after June 1, 2016. See *Halper*, 604 S.W.3d at 911 (child support obligation terminated on date child noncompliant with reporting requirements of Mo. Rev. Stat. § 452.340.5); *Atkinson*, 423 S.W.3d at 326 (father's child support obligation terminated when child's course load fell below required amount, not when motion for relief filed).

E. *Yasa is entitled to a refund of any child support payments made after emancipation.*

Having established that Yasa's obligation to provide child support abated or effectively ended when Joshua graduated from high school due to Joshua's failure to comply with the requirements of Mo. Rev. Stat. § 452.340.5, the relief Yasa primarily seeks is a refund for all child support payments he made after June 1, 2016. Yasa argues that because of Joshua's noncompliance with Mo. Rev. Stat. § 452.340.5, Joshua became emancipated upon his graduation from high school. Relying on Mo. Rev. Stat. § 452.370.4 (2014 Supp.), Yasa argues he is entitled to a refund, plus interest, for all child support payments made after Joshua's emancipation.

Yasa is correct that Missouri law provides for refunds of overpaid child support made after emancipation. Mo. Rev. Stat. § 452.370.4 provides:

> "Unless otherwise agreed in writing or expressly provided in the judgment, provisions for the support of a child are terminated by emancipation of the child. The parent entitled to receive child support shall have the duty to notify the parent obligated to pay support of the child's emancipation and *failing to do so, the parent entitled to receive child support shall be liable to the parent obligated to pay support for child support paid following emancipation of a minor child, plus interest*." (Emphasis added.)

We agree with Yasa that the district court erred in applying Kansas law to deny Yasa's request for a refund because, as we have as discussed, Missouri law applies, and Mo. Rev. Stat. § 452.370.4 entitles Yasa to a refund for any child support amounts he paid after emancipation. But the date of Joshua's emancipation is important. Yasa's argument is wrongly premised on the idea that because Joshua's noncompliance with Mo. Rev. Stat. § 452.340.5 began almost immediately after his graduation from high school, his emancipation became effective upon graduation, or June 1, 2016. Our reading of

16

Missouri law does not support this assertion. As we will explain, Joshua's noncompliance with Mo. Rev. Stat. § 452.340.5 does not automatically equate with emancipation.

As we have chronicled above, the only event triggering Joshua's emancipation as a matter of law was his college's determination that, after the Spring 2018 semester, he was no longer eligible for reenrollment in the institution, making his emancipation effective June 1, 2018. As for an earlier emancipation, we see no factual support in the record for this assertion. According to Missouri law, the essence of emancipation is the freeing of the child from the care and control of its parents and the child's right to keep its own earnings, thus ending a parent's duty of support. *Smith v. Smith*, 17 S.W.3d 592, 596 (Mo. App. 2000); see also Mo. Rev. Stat. § 452.340.3(4) (duty of child support ends when child is self-supporting and parent has relinquished control). One way to establish emancipation is if the child voluntarily leaves the parental home and is able to care for him or herself. *Wilkins v. Wilkins*, 300 S.W.3d 594, 598 (Mo. App. 2009). Yasa has the burden to prove emancipation. See 300 S.W.3d at 598. The district court made no findings on emancipation, and, apart from Joshua's noncompliance with Mo. Rev. Stat. § 452.340.5, we see nothing in the record that Joshua was self-supporting or that Daniels had relinquished her control over him. Moreover, it appears that Joshua was at least continuously enrolled in college until the end of the Spring 2018 semester. See *Wilkins*, 300 S.W.3d at 598-99 (child not emancipated despite not complying with Mo. Rev. Stat. § 452.340.5 because continuously enrolled in college). Thus, the record supports a June 1, 2018 emancipation date, not June 1, 2016, as Yasa alleges. See *Jansen*, 95 S.W.3d at 220 (child not emancipated even though noncompliant with Mo. Rev. Stat. § 452.340.5).

Given that neither Daniels nor Joshua ever provided the statutorily required notice to Yasa concerning Joshua's college studies, any child support payments made by Yasa after June 1, 2018, should be refunded by Daniels, with interest. This issue is remanded to the district court to make the proper calculation of any amounts to be refunded, if any.

But Yasa is not entitled to a refund for the child support amounts he paid after Joshua's graduation but before June 1, 2018. The record suggests this is a significant sum. But unfortunately for Yasa, his failure to act sooner cripples our ability to give him relief. Joshua graduated from high school in May 2016, began his studies in the fall of that year, and never timely reported to Yasa on his academic activities as required by Missouri law. This went on for a period of nearly two years. But instead of challenging his duty to support Joshua each semester due to Joshua's failure to comply with Missouri law, Yasa did not file a motion seeking termination of child support until April 28, 2018, near the end of Joshua's Spring 2018 semester. Had Yasa acted sooner, the district court could have been in a position to abate or even terminate his child support obligation sooner. Instead, Yasa is now forced to seek a refund after the fact.

The problem with Yasa's request is that Missouri law makes no provision for the refund of child support wrongly paid prior to emancipation. See *Jansen*, 95 S.W.3d at 220 (refund of child support payments only allowed after emancipation). As we have previously explained, Missouri law only requires abatement of child support for the semester in which the required reporting was not accomplished, not emancipation. And termination of child support is merely optional for Joshua's academic failures—not completing the required credit hours each semester or not passing half or more of each semester's classes. Lacking any earlier emancipation findings from the district court, we hold Joshua was not emancipated until June 1, 2018, not June 1, 2016, and Yasa is not entitled to any refund for child support paid prior to Joshua's emancipation.

F.      *Yasa is entitled to a reduction in his child support judgment and arrears.*

In addition to a refund of child support wrongly paid, Yasa also argues the district court erred when it refused to reduce the judgment for medical and educational expenses that accrued after Joshua's graduation from high school and for determining that he was

18

not entitled to a reduction of child support arrears that accrued between Joshua's graduation from high school and the filing of Yasa's motion. We agree.

Under Missouri law, child support includes medical and dental insurance and expenses, car insurance and maintenance expenses, and college tuition and expenses. *Shands*, 237 S.W.3d at 599. The district court entered a judgment for $12,490.88, which was for unpaid noncovered medical expenses in the amount of $2,490.88 and college expenses in the amount of $10,000. Given our holding that Yasa's child support obligation abated from Joshua's graduation from high school, or June 1, 2016, all medical and educational expenses incurred by Joshua after that time were not Yasa's responsibility. Thus, the district court erred in entering this judgment, and we vacate it.

As for Yasa's claim for a reduction in child support arrears, Missouri law allows a credit against child support arrears for child support amounts previously, but wrongly, paid. See *Ricklefs v. Ricklefs*, 111 S.W.3d 541, 545-46 (Mo. App. 2003). Accordingly, Yasa was entitled to a credit against any child support arrears for such child support amounts he wrongly was compelled to pay. The district court is reversed on this point, and we remand the matter to the district court to calculate the remaining arrearage, if any, and to credit against this arrearage any child support amounts Yasa was wrongly required to pay subsequent to Joshua's graduation from high school or June 1, 2016.

The judgment of the district court is affirmed in part, reversed in part, vacated in part, and remanded with directions.